**Aaron M. BLANK, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–04–00243–CR.**

Court of Appeals of Texas,
San Antonio.

July 20, 2005.

Louis D. Martinez, San Antonio, for appellant.

Laura Burton Bates, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, SANDEE BRYAN MARION, Justice.

## OPINION ON REHEARING

Opinion by SANDEE BRYAN MARION, Justice.

In an opinion and judgment dated April 6, 2005, we reversed the trial court's judgment and rendered an acquittal in favor of defendant, Aaron Blank. The State filed a motion for rehearing and a motion for rehearing en banc. We grant the motion for rehearing, withdraw our opinion and judgment of April 6, 2005, and issue this opinion and judgment in its place.

In a two-paragraph complaint and information, the State charged defendant with driving while intoxicated and alleged defendant had previously been convicted of driving while intoxicated by a court in Illinois. A jury found defendant guilty as alleged in the information. The trial court adjudged defendant guilty of "driving while intoxicated–2D," and assessed punishment at ten months' confinement. On appeal, defendant challenges the State's use of an Illinois court "Case Synopsis," which the State contends proves a prior conviction. Because we determine the State failed to prove a prior conviction, we reverse and remand for a new punishment hearing.

## DISCUSSION

The information charged defendant with the misdemeanor offense of driving while intoxicated. Ordinarily, a driving while intoxicated offense under Penal Code section 49.04 is a Class B misdemeanor. *See* TEX. PEN. CODE ANN. § 49.04 (Vernon 2003). A section 49.04 offense may be enhanced to a Class A misdemeanor under Penal Code section 49.09 if "it is shown on trial of the offense that the person has previously been convicted one time of an offense relating to the operating of a motor vehicle while intoxicated." *See id.* § 49.09(a) ("Enhanced Offenses and Penalties"). In this case, the complaint and information contained a paragraph alleging defendant had been convicted in 1993 of the offense of driving while intoxicated in Illinois. On appeal, defendant asserts the trial court erred in allowing the State's use of a computer-generated "Case Synopsis" as proof of the 1993 conviction. According to defendant, the Case Synopsis is not a judgment of conviction; therefore, absent the use of the synopsis, the evidence is legally and factually insufficient to support the jury's verdict.

■ A prior conviction may be proven by certified copies of a judgment and sentence and authenticated copies of records from the Texas Department of Corrections or other correctional institution, including fingerprints, supported by expert testimony matching them to the defendant. *Littles v. State*, 726 S.W.2d 26, 28 (Tex.Crim. App.1984); *Zimmer v. State*, 989 S.W.2d 48, 50 (Tex.App.-San Antonio 1998, pet. ref'd). However, this is not the only method by which the State may prove a prior conviction. The State also may offer: (1) testimony from a witness who personally knows the defendant and the fact of his prior conviction; (2) the defendant's stipu-lations or judicial admissions; or (3) the defendant's photograph in a penitentiary packet or other official record. *Littles*, 726 S.W.2d at 31; *Zimmer*, 989 S.W.2d at 50.

Here, the State relied on a computer print-out entitled "Case Synopsis," which it contends is a judgment. However, the synopsis is not entitled "Judgment," does not indicate the name of the court, and does not identify the presiding judge. The synopsis contains the following information, which the State argues establishes the 1993 conviction for driving while intoxi-cated:

| CNT | DATE | CHARGE | |
|-----|------|--------|---|
| 1 | 02/21/1993 | DRVG UNDER INFLU OF ALCOHOL | |
| | 07/12/1993 | GUILTY | BENCH TRIAL |
| | 07/12/1993 | FINE | |
| | | | |
| 1 | 02/21/1993 | DRVG UNDER INFLU OF ALCOHOL | |
| | 11/10/1993 | TERMINATED S BENCH TRIAL | |

The synopsis indicates defendant was charged with the offense of driving while intoxicated. However, the notation of "guilty" may indicate defendant's plea or it may, as the State alleges, indicate a guilty verdict. In either event, it does not indi-cate whether defendant was actually con-victed of any offense, much less which offense. There is no evidence in the rec-ord that the synopsis is "a writing author-ized by law to be recorded or filed and [was] in fact recorded or filed in a public office, or [is] a purported public record, report, statement, or data compilation, in any form, ... from the public office where items of this nature are kept." *See* Tex.R. Evid. 901(b)(7). The synopsis bears the seal of the Lake County, Illinois Circuit Court of the Nineteenth Judicial Circuit, and it contains a certification by the clerk of the court that "the above [is] correct." However, there is no evidence that the synopsis is a "copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed in a public office, including data compila-tions in any form...." *Id.* 902(4). Noth-ing in the record supports the State's con-tention that the synopsis represents a judgment of conviction. The State intro-duced no other evidence of the 1993 con-viction, and the defendant repeatedly de-nied such a conviction.[1]

■ During the guilt-innocence phase of trial, two police officers testified regard-

---

1. The appendix to defendant's brief contains a copy of a Agreed Order Nunc Pro Tunc, which states that "the official record and Cir-cuit Court Clerk's minutes shall be corrected in order to reflect the following: Pursuant to a negotiated plea, the charges in the above entitled matter were reduced from the offense of Driving Under the Influence to the Offense of Reckless Driving on July 12, 1993." How-ever, an appellate court must determine a case on the record as filed and cannot consid-er documents attached as exhibits or appendi-ces to briefs or motions. Tex.R.App. P. 34.1.

ing their conclusions that defendant was driving while intoxicated. Although defendant denied he was intoxicated, we conclude the evidence is legally and factually sufficient to support the conviction. However, when a defendant is charged with a Class A misdemeanor driving while intoxicated, the prior driving while intoxicated conviction is treated as an enhancement provision of the information, and not an element of a separate offense. *See Love v. State*, 833 S.W.2d 264, 265–66 (Tex.App.-Austin 1992, pet. ref'd). Because there is no evidence supporting an enhanced punishment, we affirm the judgment of conviction, reverse the judgment as to punishment, and remand the cause for a new hearing on punishment.