IN
THE COURT OF CRIMINAL APPEALS

OF
TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
  
 







 
 
 
 
 
 
 
 
 
 
 
 
 
  
 




No. 
PD-1081-06




 
 
 
 
 
 
 
 
 
 
 
 
 
  
 







 
 
 
 
 
 
 
 
 
 
 
 
 
  
 




 

VINCENT HENRY FLOWERS, Appellant

 

v.

 

THE STATE OF TEXAS

 

 




 
 
 
 
 
 
 
 
 
 
 
 
 
  
 





 
 
 
 
 
 
 
 
 
 
 
 
 
  
 




ON APPELLANT=S PETITION FOR DISCRETIONARY REVIEW

FROM THE SECOND COURT OF APPEALS

DENTON COUNTY




 
 
 
 
 
 
 
 
 
 
 
 
 
  
 





 
 
 
 
 
 
 
 
 
 
 
 
 
  
 


 

 

Cochran,
J., delivered the
opinion of the Court, in which Keller,
P.J., Womack, Keasler, Hervey and
Holcomb, JJ., joined.  Johnson,
J., filed a concurring opinion, in which Price,
J., joined.  Meyers, J., not participating.

 

OPINION

 








During the
punishment phase of appellant=s driving while
intoxicated (DWI) trial, the State offered certified copies of (1) appellant=s Texas driver=s license record,
and (2) a Dallas County computer-generated printout of appellant=s conviction
record, to establish that appellant had a prior DWI conviction in Dallas County
and thus prove its enhancement allegation. Based upon this evidence, the judge
found the enhancement paragraph true. 
The court of appeals held that this evidence was legally and factually
sufficient to prove the enhancement paragraph.[1]

We granted this
petition for discretionary review to determine if the court of appeals erred Ain holding a
computer printout to be the functional equivalent of a judgment and sentence
constituting sufficient proof beyond a reasonable doubt of a valid final
conviction.@ 
Regardless of whether a computer print-out is Athe functional
equivalent@ of a judgment for all purposes, we affirm
the court of appeals because the evidence was sufficient to prove, beyond a
reasonable doubt, that appellant had a prior DWI conviction as alleged in the
enhancement paragraph.

I.

Appellant was
charged with DWI in Denton County. The information included an enhancement
paragraph alleging a prior DWI conviction, Cause No. MB9539105, in Dallas
County on August 18, 1995. Appellant pled Anot guilty@ to the charged
offense and Anot true@ to the
enhancement paragraph.  A Denton County
jury convicted appellant of DWI, and appellant elected to be sentenced by the
judge. 

Before trial, the
Denton County District Attorney=s Office sent a
letter to the Dallas County Clerk=s Office
requesting certified copies of the judgment, information, revocation orders,
and fingerprints for 








Defendant:             Vincent Henry Flowers

Date of Birth:         12/15/1970

Offense:                DWI

Cause:                           MB9539105.

 

The Dallas County
Clerk=s Office wrote a
letter in response, stating that the file was Amissing@ from its off-site
warehouse facility.  In lieu of the
requested documents, the clerk=s office sent a
certified computer printout of appellant=s conviction
record.  The prosecutor also requested
and received a certified copy of appellant=s driver=s license record
from the Texas Department of Public Safety.

During the
sentencing hearing, the State offered appellant=s Texas driver=s license record
as State=s Exhibit 10.  It was admitted without objection.[2]  Exhibit 10 was a six-page document and
included appellant=s name, sex, date of birth, age, address,
and driver=s license number, as well as a copy of
appellant=s driver=s license with his
photograph.  It also contained the
following entry:  ADate of offense
08-02-95 for DRIVING WHILE INTOXICATED in DALLAS County, Texas.  Convicted on 8-18-95 at County Court, Docket
Number MB9539105H.@[3]








The State then
offered State=s Exhibit 11Bthe Dallas County
computer printout of appellant=s conviction
record.  Appellant=s counsel
objected, stating that the exhibit was irrelevant because, Athere=s not a judgment
here.  It=s a computer
printout.  And I=d argue that since
it=s a computer
printout, not a judgment, it wouldn=t be relevant in
this particular case.@ The defense further argued that without a
fingerprint on the computer printout Ait=s tentative as to
whether or not the State can prove that this particular document refers to a
person who is one and the same with my client.@  The judge overruled the objection and
admitted State=s Exhibit 11.

State=s Exhibit 11
contains appellant=s name, date of birth, address, social
security number, date of arrest, charged offense, finding of guilt, sentence,
and the judicial case identification number. All of this information matches
the information contained in appellant=s Texas driver=s license
record.  Danny Sustaire, a Denton County
District Attorney=s Office investigator, testified that
State=s Exhibit 11 was a
certified copy of a conviction record. He further testified that the personal
identifiers in State=s Exhibit 11 matched those in State=s Exhibit 10, and
he stated that both exhibits referred to the same Vincent Henry Flowers.

Based on the
totality of the State=s evidence, the trial judge found the
enhancement paragraph relating to the 1995 Dallas County DWI conviction to be
true.  He sentenced appellant to 270 days
in Denton County Jail and assessed a fine of $2,000.








Appellant argued
on appeal that the trial court improperly admitted State=s Exhibit 11,
which he asserted was irrelevant Abecause it is not
a judgment, bears no connection to him, and proves nothing.@[4]  He argued alternatively that, even if State=s Exhibit 11 was
properly admitted, the evidence was both legally and factually insufficient to
prove his prior conviction of the 1995 DWI. 

The Court of
Appeals held that the computer printout contained sufficient information and
indicia of reliability to constitute the functional equivalent of a judgment
and sentence, and therefore the trial court did not err in admitting State=s Exhibit 11.[5]  The Court of Appeals further found that this
evidence, combined with Exhibit 10, was sufficient to link appellant to the
1995 DWI.[6]

II.








To establish that
a defendant has been convicted of a prior offense, the State must prove beyond
a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is
linked to that conviction.[7]  No specific document or mode of proof is
required to prove these two elements. 
There is no Abest evidence@ rule in Texas
that requires that the fact of a prior conviction be proven with any document,
much less any specific document.  While
evidence of a certified copy of a final judgment and sentence may be a
preferred and convenient means, the State may prove both of these elements in a
number of different ways,[8]
including (1) the defendant=s admission or
stipulation,[9]
(2) testimony by a person who was present when the person was convicted of the
specified crime and can identify the defendant as that person,[10]
or (3) documentary proof (such as a judgment) that contains sufficient
information to establish both the existence of a prior conviction and the
defendant=s identity as the person convicted.[11]  Just as there is more than one way to skin a
cat, there is more than one way to prove a prior conviction.  

Texas substantive
law does not require that the fact of a prior conviction be proven in any
specific manner.  Article 37.07 of the
Code of Criminal Procedure permits proof of a defendant=s Aprior criminal
record,@ but it does not
require the production of a certified judgment to prove that prior criminal
record. Any type of evidence, documentary or testimonial, might suffice.  Similarly, Chapter 12 of the Penal Code deals
with enhanced penalties for repeat or habitual offenders, but it does not require
that the fact of a prior conviction be established in any particular manner or
with any specific document.








The same might be
said about  proving up the existence of a
marriage: one perfectly permissible method of showing that John and Susan are
married is to produce a certified copy of their marriage license.  If the substantive law requires the
production of a marriage license, then this is the only method that may be
used, but if the substantive law merely requires proof of the fact that John
and Susan are married, then any type of evidence, documentary or testimonial,
might suffice.  

If a certified
copy of a final judgment were the only means to prove that a defendant had been
convicted of a prior offense, the defendant would receive a windfall if this
document were destroyed, lost, or otherwise unavailable.[12]  In such situations, a defendant=s prior criminal
history slate would be essentially wiped clean if the State could not prove
prior offenses through other evidence, including other documentary evidence. 








Further, in this
modern era of computer-stored data, electronic files, and Apaperless@ court records,
the day may come in which written judgments are largely obsolete.  For this reason, Rule 902 of the Texas Rules
of Evidence explicitly allows for the self-authentication of certified copies
of public records, Aincluding data compilations in any form
certified as correct@ by their custodian.[13]  A computer-generated compilation of
information setting out the specifics of a criminal conviction that is
certified as correct by the county or district clerk of the court in which the
conviction was obtained is admissible under Rule 902.[14]

As this Court
stated in Human v. State:

[O]rdinarily the proof that is
adduced to establish that the defendant on trial is one and the same person
that is named in an alleged prior criminal conviction or convictions closely
resembles a jigsaw puzzle. The pieces standing alone usually have little
meaning. However, when the pieces are fitted together, they usually form the
picture of the person who committed that alleged prior conviction or
convictions.[15]


 








The trier of fact
fits the pieces of the jigsaw puzzle together and weighs the credibility of
each piece.[16]  Regardless of the type of evidentiary puzzle
pieces the State offers to establish the existence of a prior conviction and
its link to a specific defendant, the trier of fact determines if these pieces
fit together sufficiently to complete the puzzle.  The trier of fact looks at the totality of
the evidence admitted to determine 1) whether there was a previous conviction,
and 2) whether the defendant was the person convicted.  If these two elements can be found beyond a
reasonable doubt, then the various pieces used to complete the puzzle are
necessarily legally sufficient to prove a prior conviction.

III.

In this case, the
State offered a certified copy of appellant=s driver=s license record
and the computer printout from Dallas County to complete the jigsaw puzzle and
prove appellant=s prior DWI conviction.  Appellant=s sole complaint
is that the computer printout, State=s Exhibit 11, is
not a Areal@ judgment that
contains all of the information that a Areal@ judgment must
contain under article 42.01 of the Code of Criminal Procedure.[17]  Appellant relies primarily on two court of
appeals cases: Gentile v. State[18]
and Blanks v. State.[19]  








In Gentile
the State offered only a copy of the defendant=s certified driver=s license report
to prove the existence of a prior conviction. The Austin Court of Appeals
correctly held that this evidence was insufficient to satisfy the State=s burden of proof
because the certified driving record proved only Athat the [Texas
Department of Public Safety] has received the listed notices of conviction.@[20]  That is, all of the information concerning
the prior conviction was from a second-hand source, not the horse=s mouth.  The present case would be analogous to that
in Gentile if the State had offered only Exhibit 10, appellant=s Texas driver=s license record
kept by DPS.  But it did not do so.  It also offered Exhibit 11, which is a
certified computer data compilation of information from the Dallas County
Clerk, the custodian of the original judgment for the prior DWI conviction. 

In Blanks,
the State offered a printout Acase synopsis@[21] from Illinois to
prove a prior conviction for enhancement purposes.  The San Antonio Court of Appeals held that Anothing in the
record supports the State=s contention that the synopsis represents
a judgment of conviction.@[22]  The court of appeals stated that the
computer-generated information was 
insufficient to show that the defendant actually had a prior DWI
conviction from Illinois.[23]  But, as the court of appeals explicitly noted
in Blanks, a prior conviction need not be proven by a written
judgment.  It stated,








A prior conviction may be proven by
certified copies of a judgment and sentence and authenticated copies of records
from the Texas Department of Corrections or other correctional institution,
including fingerprints, supported by expert testimony matching them to the
defendant.  However, this is not the only
method by which the State may prove a prior conviction. The State also may
offer: (1) testimony from a witness who personally knows the defendant and the
fact of his prior conviction; (2) the defendant's stipulations or judicial
admissions; or (3) the defendant's photograph in a penitentiary packet or other
official record.[24]

As stated
previously, the important issue is not whether State=s Exhibit 11
represents a judgment of conviction or its functional equivalent under article
42.01, but whether a reasonable trier of fact could view State=s Exhibits 10 and
11 and find beyond a reasonable doubt that 1) the alleged prior DWI conviction
existed and 2) this conviction is linked to appellant.  








In this case, the
trial judge had before him a certified copy of a computer printout from the
Dallas County Clerk setting out an August 18, 1995, conviction for DWI in
Dallas County for an offense committed on August 2, 1995.  It showed that the AVincent Henry
Flowers@ in that numbered
case was sentenced to 45 days in jail. 
It set out the date of birth, address, social security number, and other
personal descriptors for that AVincent Henry
Flowers.@  State=s Exhibit 10, the
unobjected-to official Texas driver=s license record
for appellant, set out the same name, AVincent Henry
Flowers,@ with the same
date of birth, address, personal descriptors, and matching information
concerning the 1995 Dallas County DWI conviction.  This driver=s license record
also had a picture of AVincent Henry Flowers@ which the trial
judge could use to compare to the person standing before him.   Although it is conceivable that there are
two men named Vincent Henry Flowers with the same date of birth, living at the
same address, with the same personal descriptors, who look exactly the same, it
is not likely.  

Although State=s Exhibit 11 might
not be, for all purposes, the Afunctional
equivalent@ of a judgment as defined in article
42.01, this exhibit was sufficient, when considered in conjunction with Exhibit
10, to prove beyond a reasonable doubt the existence of appellant=s 1995 DWI
conviction from Dallas County. 

In this case, the
trial judge, as a reasonable trier of fact, found that the totality of the
State=s evidence proved
the enhancement paragraph true beyond a reasonable doubt.  We hold that the evidence is legally
sufficient to support his finding, and we therefore affirm the judgment of the
court of appeals.

Delivered: April
18, 2007

Publish











[1] Flowers v. State, No. 2-05-146-CR, 2006 Tex.
App. LEXIS 4352, *8 (Tex. AppBFort Worth 2006) (not designated for publication).





[2] The State offered its Exhibit 10 through Danny
Sustaire, an investigator for the Denton County District Attorney=s Office. Mr. Sustaire testified that these
documents were certified copies of originals kept by the Texas Department of
Public Safety and had been furnished to the Denton County District Attorney=s Office upon its request. 





[3] The Docket Number AMB9539105H@ in the DPS driver=s
license record is substantially, though not precisely, the same as the Cause
Number AMB9539105@ listed in the Dallas County computer printout.  See Human v. State, 749 S.W.2d 832,
838-39 (Tex. Crim. App. 1988) (op. on reh=g) (noting that cause numbers F80-11997N and
F-80-11997-MN were substantially the same).





[4] Flowers, 2006 Tex. App. LEXIS 4352 at *2.





[5] Id.
at *5 (AThe printout states the defendant=s name, the offense charged, and the date of
commission; shows that he was found guilty of and sentenced for the offense;
and gives the specifics of the sentence and the amount of time served. Further,
the printout is properly authenticated by the Dallas County Clerk in accordance
with evidentiary rule 902(4).@). 





[6] Id. 





[7] See Banks v. State, 158 S.W.3d 649,
651-52 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d) (citing Beck v. State, 719 S.W.2d 205, 210
(Tex. Crim. App. 1986).





[8] See Littles v. State, 726 S.W.2d 26,
32 (Tex. Crim. App. 1987) (ATo the extent that . . . any other case can be read
as holding that there are exclusive manners of proof of a defendant=s identity as to prior felonies used for
enhancement, they are overruled. Each case is to be judged on its own
individual merits. This is not to say that there are not preferred methods of
proving identity with respect to enhancement allegations. But, where as in the
instant case, the proof, though unorthodox, was clearly sufficient, no error
will be found.@) (emphasis in original).





[9] See Bryant v. State, 187 S.W.3d 397, 401
(Tex. Crim. App. 2005).





[10] See Jones v. State,
500 S.W.2d 661, 664-65 (Tex. Crim. App. 1973) (testimony by prosecuting
attorney that he knew defendant and that he was the same person who had been
previously convicted in his presence sufficient).





[11] See Doby v. State,
454 S.W.2d 411, 413-14 (Tex. Crim. App. 1970).





[12] It is not unheard of
for court records to disappear.  In light
of the devastation caused by recent disasters such as Hurricanes Katrina and
Rita, it is not far-fetched to imagine a County Clerk=s Office being destroyed and the original court
records, including written judgments, being lost forever.  See Brenna G. Nava, Comment, Hurricane
Katrina: The Duties and Responsibilities of an Attorney, 37 St. Mary=s L.J. 1153, 1159 (2006) (discussing different natural
disasters and the effect they had on the judicial system).





[13] Tex. R. Evid. 902(4).





[14] Id.  Although this Court had held, in Langston
v. State, 776 S.W.2d 586, 587 (Tex. Crim. App. 1989), that A[i]n order to be considered as evidence of a final
conviction, a pen packet must contain a judgment and sentence, properly
certified[,]@ that case was decided without reference to the
Texas Rules of Evidence.  Furthermore, Langston
dealt with the admission of a Apen packet,@ a document compiled by a prison official based upon
other primary documentation that he has received from the clerk of the
convicting court.  The compiler and
custodian of the Apen packet@ is not the custodian of the original judgment or
data compilation relating to a defendant=s prior conviction. 
The pen packet custodian cannot attest to the correctness of the
original documents, he can attest only that the pen packet contains correct
copies of documents that he received from some other source.





[15] Human
v. State, 749 S.W.2d 832, 835-36 (Tex. Crim. App. 1988) (op. on reh=g).





[16] See
generally Margraves v. State, 34 S.W.3d 912, 918-19 (Tex. Crim. App. 2000).





[17] Article 42.01 defines
the requirements of a judgment as Aa written declaration of the court signed by the
trial judge and entered of record showing the conviction or acquittal of the
defendant.@  Article
42.01 then lists twenty-nine different items that shall be reflected in a
judgment, including such items as the reflection that a defendant was
represented by counsel or waived such representation, the defendant=s thumbprint, any jury waiver, a defendant=s plea, and so forth.  Appellant argues that, because the
computer-generated conviction record did not contain the trial judge=s signature, appellant=s
thumbprint, or various other items listed in article 42.01, State=s Exhibit 11, it cannot be either a real judgment or
the functional equivalent thereof. 





[18] 848 S.W.2d 359 (Tex.
App.CAustin 1993, no pet.).





[19] 172 S.W.3d 673 (Tex.
App.CSan Antonio 2005, no pet.).





[20] 848 S.W.2d at
360.  The situation in Gentile
was similar to that in Langston, in that the custodian of the exhibit
was not the custodian of the original document, but simply received his
information from a separate source.





[21] ACase Synopsis@ from Illinois cryptically read as follows:

CNT                            DATE                         CHARGE

   1                               02/21/1993                DRIVING UNDER INFL OF ALCOHOL

07/12/1993                GUILTY
BENCH TRIAL

07/12/1993                FINE

   1                               02/21/1993                DRVG UNDER INFLU OF ALCOHOL

11/10/1993                TERMINATED
S BENCH TRIAL

Blanks,
172 S.W.3d at 675.





[22] Id. at 675-76.





[23] Id.  In Blanks, the Asynopsis@ document was simply too bare-bones. 





[24] Id. (citations
omitted).