

**NUMBER 13-08-433-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**STEVEN PEREZ** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

### On appeal from the 117th District Court of
### Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Garza
### Memorandum Opinion by Justice Yañez

Appellant, Steven Perez, pleaded "nolo contendere" to possession of a firearm by

a felon[1] pursuant to a plea agreement with the State.[2]  By two issues, appellant contends

---

[1] *See* TEX. PENAL CODE ANN. § 46.04 (Vernon Supp. 2009).

[2] In its certification of defendant's right of appeal, the trial court granted appellant the right to appeal his conviction.

that he was denied due process of law and that his trial counsel rendered ineffective assistance. We affirm.

## I. BACKGROUND

Appellant was charged with possession of a firearm by a felon in trial court cause number 07-CR-1224-B, and, in a related case, appellant was charged with murder in trial court cause number 07-CR-159-B.[3] A jury found appellant guilty of murder, and appellant was sentenced to sixty years' imprisonment. Subsequently, pursuant to a plea agreement with the State, appellant pleaded "nolo contendere" to possession of a firearm by a felon.

In exchange for appellant's plea, the State agreed to recommend to the trial court a sentence of six years' confinement to run concurrently with the sentence imposed in the murder case and "any sentence that may be imposed in Federal Cause No. 2: . . . 03CR278001."[4] On June 9, 2008, the trial court found appellant guilty of possession of a firearm by a felon, sentenced him to six years' confinement and followed the State's recommendation that appellant's sentence run concurrently with sentences imposed in cause number 07-CR-159-B and federal cause number 2:03-CR-278001.[5] On June 24, 2008, appellant filed a motion for new trial and in arrest of judgment, which the trial court

---

[3] Both of these charges were brought in state court.

[4] According to the State, there was a "pending . . . federal probation revocation on that case."

[5] The appendix of appellant's brief contains a copy of the judgment in federal cause number 2:03CR00278-001. However, it is not included in the appellate record in this case. "[A]n appellate court must determine a case on the record as filed and cannot consider documents attached as exhibits or appendices to briefs or motions." *Blank v. State*, 172 S.W.3d 673, 675 n.1 (Tex. App.–San Antonio 2005, no pet.) (op. on reh'g) (citing TEX. R. APP. P. 34.1)); *see Vanderbilt v. State*, 629 S.W.2d 709, 717 (Tex. Crim. App. 1981). Therefore, we are unable to consider this document. *See Pollan v. State*, 612 S.W.2d 594, 596 (Tex. Crim. App. 1981) (refusing to consider an affidavit attached to the appellant's brief because it was not introduced at trial and not part of the record on appeal).

denied.[6]

## II. DUE PROCESS

By his first issue, appellant contends that he was denied due process of law because of the State's "inability to fulfill the plea bargain agreement."  Specifically, appellant argues that "[n]either the prosecutor nor the Trial Court had the power to order the federal court to run its pending sentence concurrent with the sentence in this case . . . ."; therefore, the State was unable to fulfill its "promise to have the sentences run concurrently."[7]

"Preservation of error is a systemic requirement of every appeal."[8] Generally, before a party may complain on appeal, the record must show that the party made the complaint to the "trial court by a timely request, objection, or motion that . . . stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint . . . ."[9]  In this case, appellant did not complain

---

[6] It appears that many of appellant's complaints in his motion for new trial pertain to his murder conviction.  Appellant made the following complaints concerning his conviction of possession of a firearm by a felon:  (1) "[t]he judgment is invalid"; (2) "[d]efendant did not enter his plea knowing,[sic] intentionally and voluntarily"; and (3) "[d]efendant was denied effective assistance of counsel."  In his motion for new trial, appellant did not request withdrawal of his plea or allege that the State failed to fulfill the plea bargain agreement.  On appeal, appellant does not contend that his plea was involuntary.

[7] We note that there is nothing in the record showing what sentence appellant is serving or whether he is receiving state credit while serving his federal sentence or vice versa.  Therefore, the record does not reveal whether the State has upheld its end of the bargain.  *See State v. Moore*, 240 S.W.3d 248, 251-52 (Tex. Crim. App. 2007) ("Once a plea agreement is finalized and the trial court binds itself to the terms, both the defendant and the prosecutor are entitled to the benefit of the agreement.  At the same time, both the defendant and the prosecutor are also bound to uphold their ends of the bargain.").

[8] *Moore v. State*, 295 S.W.3d 329, 333 (Tex. Crim. App. 2009).

[9] T EX. R. APP. P. 33.1(a)(1)(A).

3

to the trial court that the State was unable or failed to fulfill the plea bargain agreement.[10]

Therefore, appellant failed to preserve any error for our review. We overrule appellant's

first issue.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

By his second issue, appellant contends that his trial counsel rendered ineffective

assistance of counsel "[b]ecause of his failure to raise the issue of the admissibility of [his]

confession and to advise appellant that his plea bargain could not be fulfilled."

## A. Standard of Review and Applicable Law

Ineffective assistance of counsel claims are evaluated under the two-part test

articulated by the United States Supreme Court in *Strickland v. Washington*.[11]  The

*Strickland* test requires the appellant to show that counsel's performance was deficient, or

in other words, that counsel's assistance fell below an objective standard of

reasonableness.[12]  Assuming appellant has demonstrated deficient assistance, he must

then show that there is a reasonable probability that, but for counsel's errors, the result

would have been different.[13]  In determining the validity of appellant's claim of ineffective

assistance of counsel, "any judicial review must be highly deferential to trial counsel and

---

[10] *See Moore*, 295 S.W.3d at 333 (concluding that the appellant failed to preserve error by failing to object that the trial court's additional conditions to a plea-bargain agreement were improper); *Bitterman v. State*, 180 S.W.3d 139, 144 (Tex. Crim. App. 2005) (providing that the appellant preserved his issue that the State violated the plea bargain agreement "by bringing it to the trial court's attention as soon as the error could be cured, in a motion for new trial").

[11] *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

[12] *Thompson*, 9 S.W.3d at 812; *see Strickland*, 466 U.S. at 687.

[13] *Thompson*, 9 S.W.3d at 812; *see Strickland*, 466 U.S. at 694.

4

avoid the deleterious effects of hindsight."[14]

The burden is on appellant to prove ineffective assistance of counsel by a preponderance of the evidence.[15] Appellant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that his actions could be considered sound trial strategy.[16] A reviewing court will not second-guess legitimate tactical decisions made by trial counsel.[17] Counsel's effectiveness is judged by the totality of the representation, not by isolated acts or omissions.[18] "[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of a strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate 'unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.'"[19]

## B. Analysis

An allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.[20] To show that trial counsel

---

[14] *Thompson*, 9 S.W.3d at 813.

[15] *Id.*

[16] *See Strickland*, 466 U.S. at 689; *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.).

[17] *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008).

[18] *Thompson*, 9 S.W.3d at 813; *Jaynes*, 216 S.W.3d at 851.

[19] *Morales*, 253 S.W.3d at 696-97.

[20] *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 814 (setting out that "in the vast majority of cases, the undeveloped record on direct appeal will be insufficient for an appellant to satisfy the dual prongs of *Strickland*"); *see Jackson v. State*, 877 S.W.2d 768, 771-72 (Tex. Crim. App. 1994) (en banc) (stating that "we must presume that counsel is better positioned than the appellate court to judge the pragmatism of the particular case, and that he made all significant decisions in the exercise of reasonable professional judgment" and that "[d]ue to the lack of evidence in the record concerning trial

was ineffective by failing to file a motion to suppress, appellant has to prove that the trial court would have granted the motion.[21] Appellant has presented no evidence to satisfy this burden. Moreover, trial counsel may have decided not to file pre-trial motions as part of his trial strategy.[22] Here, the record is silent regarding trial counsel's reason for not filing a motion to suppress. Therefore, appellant has not met his burden to prove ineffective assistance of counsel by a preponderance of the evidence.[23]

Next, appellant argues that trial counsel was ineffective because of his "failure to recognize that the plea bargain's provision for concurrent sentences was impossible to fulfill." An essential requisite to successfully attacking a guilty plea on ineffective assistance grounds is that the appellant must show that the alleged deficiencies caused his plea to be unknowing and involuntary.[24] In this case, appellant does not argue that the alleged deficiencies of his trial counsel's representation caused his plea to be unknowing and involuntary. The burden is on appellant to provide a record that affirmatively demonstrates the alleged ineffectiveness.[25] Therefore, we conclude that appellant has not met his burden to prove ineffective assistance of counsel by a preponderance of the evidence.[26] We overrule appellant's second issue.

---

counsel's reasons" for the alleged ineffectiveness, the court was "unable to conclude that appellant's trial counsel's performance was deficient") (internal quotations omitted).

[21] *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (per curiam).

[22] *See Hammond v. State*, 942 S.W.2d 703, 710 (Tex. App.–Houston [14th Dist.] 1997, no writ).

[23] *See Thompson*, 9 S.W.3d at 813.

[24] *Rodriguez v. State*, 899 S.W.2d 658, 666 (Tex. Crim. App. 1995) (en banc).

[25] *Bone*, 77 S.W.3d at 835; *Thompson*, 9 S.W.3d at 814; *see Jackson*, 877 S.W.2d at 771-72.

[26] *See Thompson*, 9 S.W.3d at 813.

6

## IV. Conclusion

We affirm the trial court's judgment.

LINDA REYNA YAÑEZ,
Justice

Do not publish.
Tex. R. App. 47.2(b).
Delivered and filed the
8th day of July, 2010.