

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00266-CR

DUSTIN CHARLES WILMER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 81st District Court
Atascosa County, Texas
Trial Court No. 12-07-0129-CRA, Honorable Stella Saxon, Presiding

April 21, 2015

OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Dustin Charles Wilmer, appeals the trial court's judgment by which he was convicted of driving while intoxicated (DWI), a third or greater offense, and received a seven-year suspended sentence and community supervision.[1] On appeal from that judgment, he contends the evidence is insufficient to prove that he was previously convicted of two prior instances of DWI. We will affirm.

---

[1] See TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2014).

## Factual and Procedural History

Following his collision with a tractor trailer in Atascosa County, Texas, and obvious signs of intoxication, which were confirmed by later test results revealing blood alcohol levels of .238 and .243, appellant was arrested for and charged with a third or greater offense of DWI, a third-degree felony. At trial, the State introduced four exhibits in an effort to prove appellant's two prior DWI convictions. The trial court found appellant guilty of felony DWI as charged, imposed a seven-year sentence, suspended that sentence, and placed appellant on community supervision. On appeal from that conviction, appellant contends that the evidence was insufficient to prove the necessary element of two prior DWI convictions.

## Standard of Review

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson*." *Id.* When reviewing all of the evidence under the *Jackson* standard of review, the ultimate

question is whether the jury's finding of guilt was a rational finding. *See id.* at 906–07 n.26 (discussing Judge Cochran's dissenting opinion in *Watson v. State*, 204 S.W.3d 404, 448–50 (Tex. Crim. App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Id.* at 899.

Applicable Law

A person may be charged with felony DWI if he has two previous convictions for DWI. *See* TEX. PENAL CODE ANN. § 49.09(b)(2). The two prior DWI convictions are elements of the offense of felony DWI. *See Martin v. State*, 200 S.W.3d 635, 641 (Tex. Crim. App. 2006); *Reyes v. State*, 394 S.W.3d 809, 811 (Tex. App.—Amarillo 2013, no pet.). When, as here, proof of a prior conviction is a jurisdictional element, the fact of the prior conviction, including the accused's identity, must be proved beyond a reasonable doubt. *See Zimmer v. State*, 989 S.W.2d 48, 50 (Tex. App.—San Antonio 1998, pet. ref'd). To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007); *Beck v. State*, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986).

Generally, a certified copy of a judgment is not sufficient, standing alone, to link a defendant to a prior conviction. *Beck*, 719 S.W.2d at 210. Instead, the State bears the burden of proving that link with independent evidence showing that the defendant is the same person named in the prior conviction. *See id.* The State is not required to

produce a specific document or specific proof because "[t]here is no 'best evidence' rule in Texas that requires that the fact of a prior conviction be proven with any document, much less any specific document." *Flowers*, 220 S.W.3d at 921. The State may prove both that a prior conviction exists and that the defendant is linked to that conviction in a number of different ways. *See id.* at 921–22. "Regardless of the type of evidentiary puzzle pieces the State offers to establish the existence of a prior conviction and its link to a specific defendant, the trier of fact determines if these pieces fit together sufficiently to complete the puzzle." *Id.* at 923. "If these two elements can be found beyond a reasonable doubt, then the various pieces used to complete the puzzle are necessarily legally sufficient to prove a prior conviction." *Id.* The Texas Court of Criminal Appeals has provided the following means as examples of ways in which the State may prove both of these elements: (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *See id.* at 921–22.

In *Flowers*, the Texas Court of Criminals Appeals was called on to determine whether the intermediate appellate court had erred "in holding a computer printout to be the functional equivalent of a judgment and sentence constituting proof beyond a reasonable doubt of a valid final conviction." *Id.* at 920. Flowers had been charged with DWI, and the State had alleged a prior DWI conviction in an enhancement

4

paragraph.[2]  *See id.*  In response to the State's request for certified copies of the judgment, information, revocation, orders, and fingerprints in the enhancement offense, the county clerk's office explained that the file was missing and sent, in lieu of the requested documents, a certified computer printout of appellant's conviction record.  *Id.* The State also requested and received a certified copy of Flowers's driver's license record from the Texas Department of Public Safety (DPS).  *Id.*  The DPS record was admitted as Exhibit 10 and included appellant's name, sex, date of birth, age, address, driver's license number, and a copy of his driver's license photograph.  *Id.*  It also identified a DWI conviction by date, county, convicting court, and docket number.  *See id.*  As Exhibit 11, the State offered the clerk's office's certified computer printout of Flowers's conviction record.  *Id.*  This record included Flowers's name, date of birth, address, social security number, date of arrest, charged offense, finding of guilt, sentence, and the judicial case identification number.  *Id.* at 921.  The court noted that the information included on Exhibits 10 and 11 matched.  *See id.*  An investigator for the State testified that the information on the records matched and that both exhibits referred to the same individual.  *See id.*  On appeal, Flowers challenged the admissibility of the certified computer printout from the clerk's office and also maintained that the evidence was insufficient to prove his prior conviction.  *See id.*

The *Flowers* court distinguished a case on which Flowers relied: *Gentile v. State*, 848 S.W.2d 359 (Tex. App.—Austin 1993, no pet.) (per curiam).  *See Flowers*, 220 S.W.3d at 923–24.  The court noted that, in *Gentile*, the State offered only a certified

---

[2] We recognize the apparent distinction between *Flowers* and the instant case in that *Flowers* reviewed the sufficiency of the evidence to prove an enhancement allegation rather than, as in the instant case, an element of felony DWI.  We note, however, that the same burden of proof applies below and the same standard of review applies on appeal.

driver's license report as proof of a prior conviction whereas, in *Flowers*, the State offered a driver's license report in addition to the certified printout of his conviction record from the clerk's office, the custodian of the original judgment for the prior DWI conviction. *See id.* at 924. *Flowers* also distinguished *Blank v. State*, 172 S.W.3d 673 (Tex. App.—San Antonio 2005, no pet.) (op. on reh'g), in which the State had offered only a printout of a cryptic case synopsis to prove a prior, out-of-state conviction. *See Flowers*, 220 S.W.3d at 924 & n.21. *Flowers* noted that the San Antonio court concluded that "nothing in the record supports the State's contention that the synopsis represents a judgment of conviction." *See id.* at 924 (quoting *Blank*, 172 S.W.3d at 675). While careful to note that a certified copy of a judgment is not the only means of proving a prior conviction, the court in *Blank* concluded that the case synopsis was insufficient on its own to prove the prior conviction alleged as punishment enhancement. *See Blank*, 172 S.W.3d at 675–76.

Emphasizing the matching identification information on the two exhibits and the photograph that the trial court could use to compare to the person standing before it, the *Flowers* court ultimately concluded that a reasonable trier of fact could view Exhibits 10 and 11 and, based on the information therein, find beyond a reasonable doubt that (1) the alleged prior DWI conviction existed and (2) this prior conviction is linked to appellant. *See Flowers*, 220 S.W.3d at 924–25.

Analysis

Here, there are two prior DWI convictions alleged as jurisdictional elements of the felony offense of DWI. We will refer to them as the Harris County conviction and the

6

Bexar County conviction.  Introduced as Exhibit 4 in this case is a certified copy of the Harris County information and judgment, which identifies appellant by his full name, his date of birth, and his address and which contains the date of the judgment and offense, the trial court cause number, and an imprint of appellant's fingerprint.  Introduced as Exhibit 5 is the DPS's certified driver's license record which contains the following data: appellant's full name, address, date of birth, sex, personal descriptor of eye color, and driver's license number.  This record also lists all of the events associated with appellant's driving history, including a reference to the Harris County DWI conviction, which identifies the conviction by offense date, judgment date, cause number, location, and convicting court.  Introduced as State's Exhibit 6 is a certified copy of booking information from the Bexar County Sheriff's Office, at the top of which is a very clear color photograph of appellant and which goes on to identify the date of appellant's arrest, booking number, full name, date of birth, age, driver's license number, gender, race, height, weight, eye color, hair color, other personal descriptors, address, phone number and includes a full set of fingerprints and full prints of both hands.  State's Exhibit 7 is a certified copy of the judgment, information, complaint, docket sheet, plea bargain terms, guilty plea admonitions, and trial court's certification of right to appeal in the Bexar County DWI conviction.  Exhibit 7 contains appellant's full name, cause number, charged offense, date of the offense, date of the judgment, date of birth, and a specific reference to the Harris County conviction by way of an allegation in the information of a prior DWI conviction.

We have before us most, if not all, the same items of information and identification that the *Flowers* court was called on to evaluate.  *See id.* at 920–21.  And,

7

much like the puzzle pieces in *Flowers*, the information contained in these exhibits is internally consistent. In the puzzle before us, we have certified copies of documents that link appellant by date of birth, driver's license number, and physical description to both the Harris County and Bexar County DWI convictions in a manner that is consistent with the relevant dates and cause numbers of those offenses. Notably, we also have a clear color photograph of appellant, which includes said identifying data and descriptors and which the trial court could use to compare to the individual standing before it. *See id.* at 925. Unlike the case in *Flowers*, we do not have testimony from an investigator that information on the records matched and that both exhibits referred to the same individual. *See id.* at 921. However, our own review of the record leads us to that same conclusion, as would a reasonable trier of fact's own review of the evidence. Based on the four exhibits introduced without objection as evidence of appellant's two prior DWI convictions, we conclude that a reasonable trier of fact could find that (1) the alleged prior DWI convictions exist and (2) these prior DWI convictions are linked to appellant. *See id.* at 924–25. Accordingly, we overrule appellant's contention on appeal.

## Modification of Judgment

Before we dispose of this appeal, however, we call attention to the fact that the trial court's original judgment of conviction—signed May 13, 2014—in the record before us reflects that appellant pleaded guilty to the allegations in the instant case. The reporter's record reveals that this is inaccurate, that appellant, in fact, pleaded *not guilty* to the allegations. Additionally, the judgment erroneously refers to conditions of a plea bargain when it appears from the remainder of the record that this was a contested case

8

in which no plea bargain was reached. This Court has the authority to modify the judgment to make the record speak the truth when the matter has been called to our attention from any source. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (en banc); *see* TEX. R. APP. P. 43.2(b). An appellate court may correct the judgment on appeal when it has the necessary data and evidence before it for doing so. *See Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986). Therefore, we hereby modify the trial court's original judgment of conviction to reflect that appellant pleaded not guilty to the allegations lodged against him and to delete the reference to terms of a plea bargain.

Further, the clerk's record before us includes a subsequent order *nunc pro tunc*—signed June 11, 2014—in which the trial court grants the State's motion seeking a correction to the original judgment regarding the sentence imposed, asking that the record reflect that appellant was sentenced to an eight-year term which was then suspended, rather than a seven-year term. This is, indeed, a perplexing development in light of the reporter's record which clearly indicates that the trial court orally pronounced a seven-year suspended sentence, not an eight-year suspended sentence. When the oral pronouncement of sentence and the written judgment differ, the oral pronouncement controls. *Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005) (en banc); *Sauceda v. State*, 309 S.W.3d 767, 769 (Tex. App.—Amarillo 2010, pet. ref'd). The original judgment appears to accurately reflect the trial court's oral pronouncement of the term of punishment, and the order *nunc pro tunc* appears to erroneously "correct" the original judgment of conviction. That said, we modify the *nunc pro tunc* order to reflect the seven-year suspended sentence as indicated on the original

judgment and as confirmed by the trial court's oral pronouncement of punishment. *See French*, 830 S.W.2d at 609.

## Conclusion

Having overruled appellant's sole point of error and with the modifications aforementioned so reflected, we affirm the trial court's judgment of conviction. *See* TEX. R. APP. P. 43.2(b).

Mackey K. Hancock
Justice

Publish.