

# NUMBER 13-20-00135-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**TELLY JAMES ARRAMBIDE,**                                         **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                               **Appellee.**

---

### On appeal from the 329th District Court
### of Wharton County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Hinojosa, Tijerina, and Silva
### Memorandum Opinion by Justice Hinojosa

Appellant Telly James Arrambide appeals his conviction for repeated violation of a protective order, a third-degree felony, *see* TEX. PENAL CODE ANN. § 25.072(e), enhanced for punishment by Telly's[1] two prior felony convictions. *See id.* § 12.42(d). A

---

[1] We refer to appellant by his first name as he shares a surname with the complainant and another

jury found Telly guilty and assessed punishment at twenty-five years' imprisonment. In three issues, Telly argues: (1) the trial court abused its discretion in denying his motion for a mistrial on the basis that a juror withheld information during voir dire; (2) the trial court abused its discretion in failing to hold a hearing on his motion for new trial; and (3) there is legally insufficient evidence supporting the sentencing enhancement allegations. We affirm.

## I. MISTRIAL

### A. Pertinent Facts

A grand jury returned an indictment charging Telly with repeatedly violating a protective order issued in favor of Selina Arrambide,[2] with whom Telly had a dating relationship.[3] *See id.*

During voir dire, the following colloquy occurred between the prosecutor and a venireperson:

[Prosecutor]: Do you recognize any of these people? . . . Telly Arrambide, anyone recognize that name, that person? What about Selina Arrambide?

. . . .

[Venireperson]: My stepdad is an Arrambide, but I don't know [the defendant.]

[Prosecutor]: Okay. Your stepdad is an Arrambide. Are you familiar with Selina Arrambide?

---

witness.

[2] The record reflects that Selina's father is the adopted brother of Telly's father. In other words, they are non-biological cousins.

[3] The grand jury also indicted Telly for the offenses of burglary and stalking. *See* TEX. PENAL CODE ANN. §§ 30.02, 42.072. The State later abandoned those charges.

| [Venireperson]: | No. |
| --- | --- |
| [Prosecutor]: | The fact that your stepdad is an Arrambide, would that—would you be able to sit on this jury and hear all the evidence and judge it fairly? |
| [Venireperson]: | Yeah. I don't know him. |

Defense counsel asked no questions of the venireperson, and she was ultimately seated as a juror.

The jury returned a guilty verdict, and the case proceeded to the punishment phase. While the jury was deliberating on punishment, defense counsel informed the trial court that the aforementioned juror's stepfather is the paternal uncle of Selina. Defense counsel further represented that Telly was previously jailed for assaulting the juror's brother. The trial court held a hearing on what it identified as Telly's "challenge to the impartiality" of the juror.

Outside the presence of the jury, the trial court heard testimony from Elouisa Arrambide, Telly's sister. Elouisa testified that she has known the juror and the juror's brother since she was a child. Elouisa stated her interactions with the juror are limited to just stating "hi, bye." Elouisa maintained that Telly was arrested after a fight with the juror's brother in 1994 or 1995. She stated that the juror was not present for the altercation. Elouisa could not recall any conversations with the juror around the time the fight occurred, and she admitted that the families were not close.

After Elouisa's testimony, defense counsel argued that the juror "could have been influenced by events outside of this trial" and that the juror "lied" when she stated that she did not know Telly and Selina during voir dire. The trial court ruled, "based upon the

evidence I've heard so far, I'm denying your motion."

## B. Standard of Review & Applicable Law

We review the denial of a motion for mistrial for an abuse of discretion. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). "When deciding whether the trial court abused its discretion, we examine the particular facts of the case." *Green v. State*, 554 S.W.3d 785, 790 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citing *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). "A mistrial is an appropriate remedy in 'extreme circumstances' for a narrow class of highly prejudicial and incurable errors." *Ocon*, 284 S.W.3d at 884 (quoting *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (en banc)). We view the evidence in the light most favorable to the trial court's ruling, while giving almost total deference to the trial court's determination of historical facts if it is supported by the record. *State v. Gutierrez*, 541 S.W.3d 91, 100 (Tex. Crim. App. 2017); *see Gonzalez v. State*, 455 S.W.3d 198, 206 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (explaining that when reviewing a trial court's ruling on a motion for mistrial, "[d]eterminations of historical fact and assessment of witness credibility and believability are left almost entirely to the discretion of the trial judge, and where there is conflicting evidence there is no abuse of discretion if the motion is overruled" (quoting *Hughes v. State*, 24 S.W.3d 833, 842 (Tex. Crim. App. 2000) (alteration in original))).

The Sixth Amendment to the United States Constitution provides criminal defendants the right to a trial by an impartial jury. U.S. CONST. amend. VI. "When a juror withholds material information during voir dire that the defense, using due diligence, could not uncover, the parties are denied the opportunity to exercise their challenges, which

4

hinders their selection of an impartial jury." *Gutierrez*, 541 S.W.3d at 99–100. Information is "withheld" only if counsel is diligent in asking questions calculated to bring out that information. *Gonzales v. State*, 3 S.W.3d 915, 916–17 (Tex. Crim. App. 1999). To demonstrate materiality, the defendant must show that the information has a tendency to show bias. *Franklin v. State*, 138 S.W.3d 351, 356 (Tex. Crim. App. 2004). A juror is biased when he or she shows an inclination toward one side of an issue rather than to the other leading to the natural inference that the juror will not act with impartiality. *Anderson v. State*, 633 S.W.2d 851, 853 (Tex. Crim. App. [Panel Op.] 1982); *see also Vennard v. State*, No. 13-16-00488-CR, 2018 WL 771941, at \*2 (Tex. App.—Corpus Christi–Edinburg Feb. 8, 2018, pet. ref'd) (mem. op., not designated for publication). Although judged on a case-by-case basis, Texas courts have generally concluded that a juror's distant relationship or connection to a party or witness is nonmaterial information. *See Ashton v. State*, 526 S.W.3d 490, 498 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (collecting cases).

If the withheld information has a tendency to show bias, the trial court should hold a hearing and receive evidence regarding whether the juror is actually biased. *Gutierrez*, 541 S.W.3d at 100 (citing *Uranga v. State*, 330 S.W.3d 301, 306 (Tex. Crim. App. 2010)). Whether a juror is actually biased is a fact issue to be resolved by the trial court. *Id.*; *Uranga*, 330 S.W.3d at 306. If the trial court finds that the juror is not actually biased, and that finding is supported by the record, then the defendant is not entitled to a mistrial. *Gutierrez*, 541 S.W.3d at 100.

**C. Analysis**

Telly relies on evidence that the juror's stepfather was related to Telly and Selina and that this familial relation established the juror withheld material information. However, the juror disclosed that her stepfather shared a last name with Telly and Selina in response to the prosecution's voir dire examination. Defense counsel asked no follow-up questions of the juror regarding her stepfather's relationship to the parties. Because defense counsel was not diligent in asking questions of the juror, she cannot be considered to have "withheld" information.[4] *See Gonzales*, 3 S.W.3d at 916–17; *see also Webb v. State*, 232 S.W.3d 109, 113 (Tex. Crim. App. 2007) ("It is counsel's responsibility to ask questions specific enough to elicit the answers they require.").

Telly also maintains that the juror was untruthful when she affirmatively stated that she did not know Telly or Selina. On this point, we must defer to the trial court's determination regarding the credibility of the juror's representation. *See Gonzalez*, 455 S.W.3d at 206. In that regard, we note the following conflicting evidence in support of the trial court's implicit credibility finding. Elouise's testimony established only that she knew the juror and that the juror's brother knew Telly. She also testified that she only exchanged casual greetings with the juror, and she admitted that the families were not close. Elouise highlighted an altercation between Telly and the juror's brother twenty-six years prior, but

---

[4] Assuming arguendo that the juror withheld information, Telly failed to present evidence that the juror's purported familiarity with the parties was material information. *See Decker v. State*, 717 S.W.2d 903, 906–08 (Tex. Crim. App. 1983) (en banc) (holding that information that juror and victim had been co-workers for nine months, but had only met "seven, eight times" was not material); *Scott v. State*, 419 S.W.3d 698, 701–03 (Tex. App.—Texarkana 2013, no pet.) (holding that information that juror and key prosecution witness were employed by same employer in different departments was not material); *Lopez v. State*, 261 S.W.3d 103, 108 (Tex. App.—San Antonio 2008, pet. ref'd) (holding that information that a witness was friend of juror's girlfriend's stepfather and that juror had seen witness at social gathering was immaterial).

she conceded that the juror was not present during this fight. Other than speculation, through Elouise's testimony, Telly presented no evidence establishing the juror's familiarity with Telly. For instance, Elouise generally claimed that the juror must know Telly because "we're all family." Assuming this is true, we note that Telly could have readily advised his counsel of this familiarity during voir dire. Further, Elouise expressed no opinion as to whether the juror knew Selina. Finally, we note that the trial court could have considered the juror's disclosure that her stepfather was an Arrambide as an indication that she was not hiding any potential familial relationship.

Viewing the evidence in the light most favorable to the trial court's ruling and deferring to its determination of historical facts, we conclude that the trial court did not abuse its discretion in denying Telly's motion for a mistrial. *See Gutierrez*, 541 S.W.3d at 100; *see also Rivers v. State*, No. 08-12-00145-CR, 2014 WL 3662569, at *4–5 (Tex. App.—El Paso July 23, 2014, pet. ref'd) (mem. op., not designated for publication) (concluding that the trial court did not abuse its discretion in implicitly finding that the juror did not know the complainant where it was presented with conflicting evidence and the defendant's evidence was based "on suspicions and speculations"). We overrule Telly's first issue.

## II. MOTION FOR NEW TRIAL

In his second issue, Telly argues that the trial court abused its discretion by failing to hold a hearing on his motion for new trial.

The purpose of a hearing on a motion for new trial is to decide whether the cause should be retried and to prepare a record for appeal. *Smith v. State*, 286 S.W.3d 333, 338

7

(Tex. Crim. App. 2009). Such a hearing is not an absolute right. *Id.* To be entitled to a hearing, the movant must raise matters not determinable from the record and establish reasonable grounds showing he could be entitled to relief. *Id.* at 339. The motion must be supported by an affidavit specifically setting out the factual basis for the claim. *Id.*

We review a trial court's denial of a hearing on a motion for new trial for an abuse of discretion. *Id.* We reverse only when the trial court's decision was so clearly wrong as to lie outside the zone of reasonable disagreement. *Id.*

Telly's motion for new trial repeated his trial arguments concerning the juror withholding information during voir dire. Assuming that this issue is a matter not determinable from the record previously developed, Telly failed to support the motion with an affidavit setting out the factual basis for his claim. *See id.* Therefore, Telly was not entitled to a hearing on his motion. *See id.* We overrule Telly's second issue.

### III.    SENTENCING ENHANCEMENT

In his third issue, Telly argues there is legally insufficient evidence supporting the sentencing enhancement allegations.

### A.    Standard of Review & Applicable Law

In reviewing the legal sufficiency of the evidence linking a defendant to a prior conviction, we "consider all the evidence in the light most favorable to the trial court's finding and determine whether a rational trier of fact could have found the essential elements beyond a reasonable doubt." *Henry v. State*, 509 S.W.3d 915, 919 (Tex. Crim. App. 2016) (quoting *Wood v. State*, 486 S.W.3d 583, 589 (Tex. Crim. App. 2016)).

8

To establish that a defendant has been convicted of a prior offense, the State must prove that: (1) a prior conviction exists; and (2) the defendant is linked to that conviction. *Henry*, 509 S.W.3d at 918; *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). "No specific document or mode of proof is required to prove these two elements." *Flowers*, 220 S.W.3d at 921. "Any type of evidence, documentary or testimonial, might suffice." *Id.* at 922.

> "A prior conviction may be proven by certified copies of a judgment and sentence and authenticated copies of records from the Texas Department of Corrections or other correctional institution, including fingerprints, supported by expert testimony matching them to the defendant. However, this is not the only method by which the State may prove a prior conviction. The State also may offer: (1) testimony from a witness who personally knows the defendant and the fact of his prior conviction; (2) the defendant's stipulations or judicial admissions; or (3) the defendant's photograph in a penitentiary packet or other official record."

*Id.* at 924 (quoting *Blank v. State,* 172 S.W.3d 673, 675 (Tex. App.—San Antonio 2005, no pet.)).

## B.    Analysis

Here, the State was required to prove beyond a reasonable doubt two prior felony convictions. *See* Tex. Penal Code. Ann. § 12.42(d). To satisfy its burden, the State introduced certified copies of the indictment and judgment of conviction for the following felony offenses: (1) aggravated robbery in 1995; and (2) aggravated assault in 2006. These documents identified Telly by name and contained his date of birth, social security number, and thumbprint. The State introduced a "pen pack"[5] for Telly's 1995 and 2006

---

[5] A penitentiary packet or "pen pack" is a document compiled by a prison official based on other primary documentation received from the clerk of the convicting court. *See Flowers v. State*, 220 S.W.3d 919, 923 n.14 (Tex. Crim. App. 2007).

incarcerations, which contained a copy of the judgments as well as Telly's name, date of birth, and social security number. The pen pack also contained photographs of Telly and a fingerprint card. Mark Somer, the chief deputy constable for Wharton County, testified as an expert in latent fingerprint examination. Somer examined the fingerprints on the judgments and those in the pen pack and testified that they were a match. Telly's mother, Virginia Vicencio, testified that she was aware of Telly's 1995 and 2006 incarcerations and that he served a ten-year and eight-year sentence respectively.

Reviewing the evidence in the light most favorable to the challenged finding, we hold that there is legally sufficient evidence establishing Telly's two prior felony convictions. *See Henry*, 509 S.W.3d at 919. We overrule Telly's third issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
3rd day of March, 2022.