**The STATE of Texas, Appellant,**

v.

**Scott Allen MAGEE, Appellee.**

**No. 01–99–00688–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 5, 2000.

Michael Pena, Houston, for Appellee.

William Delmore, III, John B. Holmes, Houston, for Appellant.

Panel consists of Chief Justice SCHNEIDER and Justices WILSON and SMITH.[1]

---

1. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## OPINION

DAVIE L. WILSON, Justice.

This State's appeal requires us to interpret Penal Code sections 12.22 and 49.04(b). *See* TEX.PENAL CODE ANN. §§ 12.22, 49.04(b) (Vernon 1994). Section 49.04(b) requires that a person convicted of driving while intoxicated serve "a minimum term of confinement of 72 hours." Section 12.22 provides that a person convicted of a Class B misdemeanor "shall be punished by: (1) a fine not to exceed $2,000; (2) confinement in jail for a term not to exceed 180 days; or both such fine and confinement." We must decide whether a trial court can sentence a DWI defendant to a fine only, thus allowing the defendant to avoid the minimum 72 hour confinement in jail.

■ The trial court found appellee Scott Allen Magee guilty of DWI and assessed punishment at a $250 fine, with no confinement in jail. The State appeals in a single point of error, claiming appellee's sentence is illegal because the trial court did not sentence appellee to a minimum of 72–hours confinement in jail. We agree and reverse.

■ The legislature passed sections 12.22 and 49.04(b) in the same statute. Act of May 29, 1993, 73d Leg., R.S., ch. 900, 1993 Tex.Gen.Laws 3586. A court reviewing a statute should presume that the legislature intended the entire statute to be effective. Code Construction Act, TEX.GOV'T CODE ANN. § 311.021 (Vernon 1998); *State v. Mancuso*, 903 S.W.2d 386, 387 (Tex.App.—Houston [1st Dist.] 1995), *aff'd*, 919 S.W.2d 86 (Tex.Crim.App.1996). If a general provision of a statute conflicts with a special or local provision, the provisions should be construed, if possible, to give effect to both provisions. Code Construction Act, TEX.GOV'T CODE ANN. § 311.026(a) (Vernon 1998); *Mancuso*, 903 S.W.2d at 387. If there is an irreconcilable conflict between a general provision and a special or local provision in the same statute, the special or local provision pre-

vails as an exception to the general provision. Code Construction Act, TEX.GOV'T CODE ANN. § 311.026(b) (Vernon 1998); *Mancuso*, 903 S.W.2d at 388.

Applying the canons of statutory construction we have recited above, we hold that the specific provision of section 49.04(b), which requires a 72–hours minimum confinement in jail, controls over the general provision of section 12.22, which allows a trial court to sentence a defendant convicted of a Class B misdemeanor to a fine only. We, therefore, hold that the trial court was required to sentence appellee to a minimum of 72–hours confinement in jail. We sustain the State's sole point of error.

We reverse the judgment of the trial court and remand the cause to that court for further proceedings related to punishment. *See* TEX.CODE CRIM.P.ANN. art. 44.28(b) (Vernon Supp.2000).