**Derek Tarver MOFFETT, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–06–00047–CR.**

Court of Appeals of Texas,
Eastland.

June 21, 2007.

G. Ben Bancroft, Big Spring, for appellant.

C.E. (Mike) Thomas, III, Big Spring, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and HILL, J.[1]

### OPINION

JOHN G. HILL, Justice, (Assigned).

Derek Tarver Moffett appeals his conviction by a jury of the offense of driving while intoxicated.  The jury assessed his punishment at one year "probation," $1,500 fine, and twenty-five hours of community

---

1.  John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth sitting by assignment.

service. The trial court's judgment sets forth the jury's verdict as assessing Moffett's punishment at confinement in the Howard County Jail for a period of twelve months and a fine of $1,500 and recommending community supervision. The judgment provides for community supervision for twelve months and provides, as a condition of community supervision, that Moffett perform twenty-five hours of community service. In a single issue, Moffett contends that the trial court erred in entering a judgment that does not conform to the jury's verdict. We affirm in part, and we reverse and remand as to punishment only.

■■■ As noted, Moffett contends in a single issue that the judgment does not conform to the verdict of the jury because it calls for punishment of twelve months in the Howard County Jail while the jury's verdict did not call for such punishment. He also notes that the confinement of twelve months exceeds the maximum punishment of 180 days confinement. The State concedes that the judgment should be reformed to the maximum 180 days confinement but suggests that the judgment is consistent with the verdict intended by the jury. Where a jury assesses punishment, the trial court's judgment with respect to punishment must reflect the verdict of the jury. TEX.CODE CRIM. PROC. ANN. art. 42.01 (Vernon 2006); *State v. Savage*, 933 S.W.2d 497, 499 (Tex.Crim. App.1996). Ordinarily, we would modify the trial court's judgment to reflect the jury's verdict. *Nelson v. State*, 149 S.W.3d 206, 212–13 (Tex.App.-Fort Worth 2004, no pet.). However, the jury's verdict did not conform to the appropriate range of punishment because it did not include the 72–hour minimum jail term applicable to this offense by virtue of Section 49.04(b) of the Texas Penal Code. TEX. PENAL CODE ANN. § 49.04(b) (Vernon 2003). A case must be reversed for a new hearing on punishment where the trial court assesses punishment for driving while intoxicated at a fine and fails to assess the 72–hour minimum punishment. *State v. Magee*, 29 S.W.3d 639, 640 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). The same result is required where the jury fails to include a mandatory punishment in its assessment of punishment. *See Young v. State*, 922 S.W.2d 676, 677 (Tex.App.-Beaumont 1996, pet. ref'd) (case reversed for a new punishment hearing where the jury failed to include a mandatory fine when assessing the defendant's punishment). Because the jury did not assess at least the minimum 72–hour jail time required in this case and because the trial court's judgment of confinement for twelve months does not conform to the jury's verdict, we must reverse the sentence and remand for a new punishment hearing.

The State contends that the judgment reflects the verdict that the jury intended. The State rests this version of the jury's verdict on its argument to the jury that Moffett should be assessed as his punishment a $1,500 fine, six months "to do" if he broke community supervision, community supervision for one year, and no taking of his driver's license. We disagree with the State's contention that the verdict reflected the jury's attempt to comply with the State's request. We sustain Moffett's sole issue on appeal.

We affirm the trial court's judgment as to Moffett's conviction for driving while intoxicated. We reverse the judgment as it relates to punishment, and we remand the cause for a new punishment hearing.