Opinion filed June 21, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed June 21, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00047-CR 

                                                      ________

 

                               DEREK TARVER MOFFETT, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                               On
Appeal from the County Court

 

                                                        Howard County,
Texas

 

                                                   Trial
Court Cause No. 52,835

 



 

                                                                   O
P I N I O N

 








Derek
Tarver Moffett appeals his conviction by a jury of the offense of driving while
intoxicated.  The jury assessed his
punishment at one year Aprobation,@
$1,500 fine, and twenty-five hours of community service.  The trial court=s
judgment sets forth the jury=s verdict as assessing Moffett=s punishment at confinement in the Howard
County Jail for a period of twelve months and a fine of $1,500 and recommending
community supervision.  The judgment
provides for community supervision for twelve months and provides, as a
condition of community supervision, that Moffett perform twenty-five hours of
community service.  In a single issue,
Moffett contends that the trial court erred in entering a judgment that does
not conform to the jury=s verdict. 
We affirm in part, and we reverse and remand as to punishment only.

            As
noted, Moffett contends in a single issue that the judgment does not conform to
the verdict of the jury because it calls for punishment of twelve months in the
Howard County Jail while the jury>s verdict did not call for such
punishment.  He also notes that the
confinement of twelve months exceeds the maximum punishment of 180 days
confinement.  The State concedes that the
judgment should be reformed to the maximum 180 days confinement but suggests
that the judgment is consistent with the verdict intended by the jury.  Where a jury assesses punishment, the trial
court=s judgment with respect to punishment must
reflect the verdict of the jury.  Tex. Code Crim. Proc. Ann. art. 42.01
(Vernon 2006); State v. Savage, 933 S.W.2d 497, 499 (Tex. Crim. App.
1996).  Ordinarily, we would modify the
trial court=s judgment to reflect the jury=s verdict. 
Nelson v. State, 149 S.W.3d 206, 212-13 (Tex. App.C
Fort Worth 2004, no pet.).  However, the
jury=s verdict did not conform to the
appropriate range of punishment because it did not include the 72-hour minimum
jail term applicable to this offense by virtue of Section 49.04(b) of the Texas
Penal Code.  Tex. Penal Code Ann. ' 49.04(b) (Vernon 2003).  A case must be reversed for a new hearing on
punishment where the trial court assesses punishment for driving while intoxicated
at a fine and fails to assess the 72-hour minimum punishment.  State v. Magee, 29 S.W.3d 639, 640
(Tex. App.CHouston [1st Dist.] 2000, pet. ref=d). 
The same result is required where the jury fails to include a mandatory
punishment in its assessment of punishment. 
See Young v. State, 922 S.W.2d 676, 677 (Tex. App.CBeaumont 1996, pet. ref=d) (case reversed for a new punishment
hearing where the jury failed to include a mandatory fine when assessing the
defendant=s punishment).  Because the jury did not assess at least the
minimum 72-hour jail time required in this case and because the trial court=s judgment of confinement for twelve months
does not conform to the jury=s verdict, we must reverse the sentence and
remand for a new punishment hearing.








The
State contends that the judgment reflects the verdict that the jury
intended.  The State rests this version
of the jury=s verdict on its argument to the jury that
Moffett should be assessed as his punishment a $1,500 fine, six months Ato do@ if he broke community supervision,
community supervision for one year, and no taking of his driver=s license. 
We disagree with the State=s contention that the verdict reflected the
jury=s attempt to comply with the State=s request. 
We sustain Moffett=s sole issue on appeal.

We
affirm the trial court=s judgment as to Moffett=s conviction for driving while intoxicated.  We reverse the judgment as it relates to
punishment, and we remand the cause for a new punishment hearing.

 

JOHN G. HILL

JUSTICE

 

June
21, 2007

Publish.  See Tex.
R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]











[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.