**Affirmed in Part and Reversed and Remanded in Part and Opinion filed May 2, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00499-CR
_____

**THE STATE OF TEXAS, Appellant**

**V.**

**RUSSELL HOWARD COOLEY, Appellee**

**On Appeal from the County Criminal Court at Law Number 2**
**Harris County, Texas**
**Trial Court Cause No. 1785744**

## OPINION

Appellee Russell Howard Cooley was charged by information with Class A misdemeanor driving while intoxicated (DWI); a single enhancement paragraph incorporated appellee's prior DWI conviction. Appellee pleaded guilty to the charged offense and the trial court sentenced him to a $2,000 fine but no period of confinement. The State appeals appellee's sentence on the ground that Texas Penal Code section 49.09(a) mandates a minimum sentence of 30 days' confinement upon conviction of a second DWI. We agree and vacate the sentence imposed.

## BACKGROUND

Appellee was convicted of his first DWI in Harris County in October 1988. In October 2011, he was charged with his second DWI, which was enhanced to a Class A misdemeanor. *See* Tex. Penal Code § 49.09(a). Having waived a jury trial, appellee pleaded guilty to his second DWI offense in April 2012. The trial court accepted his guilty plea, signed a judgment convicting him of a Class A misdemeanor, and assessed punishment of a $2,000 fine. The trial court did not sentence appellee to any confinement in jail. The State timely objected to the trial court's failure to impose a jail sentence. The State now appeals under Article 44.01(b) of the Texas Code of Criminal Procedure. In a single issue, the State contends that appellee's sentence is illegal because the trial court did not sentence him to a minimum of 30 days' confinement.

## ANALYSIS

This appeal requires us to interpret sections 12.21 and 49.09(a) of the Penal Code.[1] In a 1993 act, the Legislature amended section 12.21 and added section 49.09. Act of June 19, 1993, 73d Leg., R.S., ch. 900, § 1.01, secs. 12.21, 49.09, 1993 Tex. Sess. Law Serv. 3586, 3602, 3697 (West 1993). A court reviewing a statute should presume that the Legislature intended the entire statute to be effective. Tex. Gov't Code Ann. § 311.021 (West 2013); *see also State v. Muller*, 829 S.W.2d 805, 810 (Tex. Crim. App. 1992). Consequently, we must attempt to harmonize sections 12.21 and 49.09 and interpret them in a manner that gives both effect, if possible. *See* Tex. Gov't Code Ann. § 311.026(a) (West 2013).

---

[1] When an appellant challenges the trial court's construction of a statute, the standard of review is de novo. *Ramos v. State*, 303 S.W.3d 302, 306 (Tex. Crim. App. 2009).

Section 49.09(a) enhances an offense under section 49.04—driving while intoxicated—to a Class A misdemeanor if it is "shown on the trial of the offense that the person has previously been convicted one time of an offense relating to the operating of a motor vehicle while intoxicated." Tex. Penal Code Ann. § 49.09(a) (West 2011). The statute requires a person convicted of such an offense to serve a "minimum term of confinement of 30 days." *Id.* Section 12.21 provides that a person convicted of a Class A misdemeanor "shall be punished by: (1) a fine not to exceed $4,000; (2) confinement in jail for a term not to exceed one year; or (3) both such fine and confinement." Tex. Penal Code Ann. § 12.21 (West 2011). We must decide whether a trial court can sentence a twice-convicted DWI defendant to a fine without imposing at least 30 days' confinement in jail. The trial court concluded it could do so, stating at the sentencing hearing that section 49.09(a) only requires "a minimum confinement of 30 days in jail *if jail time is assessed*" (emphasis added). We disagree.

When a trial court assesses punishment, it "must always be within the minimum and maximum fixed by law; if the punishment assessed is less than the minimum provided by law, the judgment of conviction is rendered a nullity." *Mapes v. State*, 187 S.W.3d 655, 658 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *see also Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). Section 12.21 of the Penal Code is a general statute broadly delineating the sentencing options for Class A misdemeanors. *See State v. Magee*, 29 S.W.3d 639, 640 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (comparing the general nature of Penal Code section 12.22, Class B misdemeanors, with section 49.04's specific confinement mandate for DWI convictions). In contrast, section 49.09(a) is a special enhancement provision applicable only to persons convicted of operating a motor vehicle while intoxicated. It specifically addresses sentencing for offenses

3

where, as here, the defendant has one prior DWI conviction. *See State v. Morgan*, 160 S.W.3d 1, 4 (Tex. Crim. App. 2004).

In *Morgan*, the State charged Morgan with DWI and alleged a prior DWI conviction. *Id.* at 2. In a pretrial motion, the State asked the trial court to consider the information as alleging a Class A misdemeanor under Penal Code section 49.09. *Id.* The trial court ruled that it would treat the information as charging a Class B misdemeanor with an enhancement alleged pursuant to Penal Code section 12.43—the general enhancement statute for misdemeanor convictions. *Id.* The State filed an interlocutory appeal of the trial court's ruling, seeking resolution of the seemingly conflicting statutory provisions. *Id.* As relevant to this case, the Court of Criminal Appeals explained the statutory provisions in this way:

> Driving while intoxicated is a Class B misdemeanor with a maximum term of confinement for 180 days. But under Penal Code § 49.09, it is a Class A misdemeanor, with a minimum term of confinement of 30 days, if it is shown on trial of the offense that the person has previously been convicted of an intoxication-related offense. In that situation, the maximum confinement is one year.

*Id.* at 4 (citations omitted). While the court ultimately concluded it lacked jurisdiction to resolve the underlying substantive issue in the State's interlocutory appeal, its explanation of the statutes at issue helps inform our analysis.

The Legislature created a special "progression of more severe penalties . . . specifically for repeat DWI offenders" to "address the human misery and widespread destruction caused by drunk drivers." *Guinn v. State*, 696 S.W.2d 436, 438 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd). The enhancement scheme's rationale is that:

> (1) Repeat offenders should be punished more severely for repeatedly endangering the public welfare; (2) harsher penalties for repeat

4

offenders function as a deterrent, discouraging the offender and others from drinking and driving; and (3) the jail sentence for repeat offenders . . . reflects the need to physically remove drunk drivers from public streets for a period of time, both as punishment for them and as protection for the rest of society.

*Id.*[2]   As part of this DWI enhancement scheme, the Legislature has applied specific statutory exceptions to the general misdemeanor sentencing provisions at both the Class A *and* Class B levels, mandating a jail sentence at each step notwithstanding the general provisions giving the trial court discretion to impose a fine or confinement or both.   *Compare* Tex. Penal Code § 12.21 (general Class A misdemeanor punishment), *and id.* § 12.22 (general Class B misdemeanor punishment), *with id.* § 49.09(a) (Class A misdemeanor with mandatory minimum 30 days' confinement for second DWI offense), *and id.* § 49.04(b) (Class B misdemeanor with mandatory minimum 72 hours' confinement for first DWI offense).

The State urges us to hold that sections 12.21 and 49.09(a) irreconcilably conflict, and to resolve this conflict by applying the special provision as an exception to the general provision.   We conclude, however, that the general misdemeanor sentencing statute can largely be harmonized with the special DWI enhancement statute.   The only irreconcilable conflict is that while section 12.21 makes confinement optional, section 49.09(a) makes it mandatory for at least 30 days.   Because section 49.09(a) is specific to the DWI context, we hold that section

---

[2] In *Guinn*, this Court answered the question that the Court of Criminal Appeals did not reach in *Morgan,* holding that the "special enhancement provision in the DWI law [now section 49.09] excludes all other enhancement schemes, such as the general enhancement provision [for felonies in section 12.42]."   *Guinn*, 696 S.W.2d at 438; *see also Mapes*, 187 S.W.3d at 659–60. Because the general enhancement provision for misdemeanors in section 12.43 was not applied in this case, the *Guinn* holding is not dispositive here, though its analysis is instructive.

5

49.09(a) prevails. *See* Tex. Gov't Code Ann. § 311.026(b) (West 2013).[3]  Outside this narrow area of conflict, section 12.21 continues to apply.  Thus, the confinement must be for at least 30 days and not more than one year, and a trial court retains the option to impose a fine of up to $4,000 in addition to confinement.

In sum, we hold that a trial court convicting a Class A misdemeanor defendant of his or her second DWI must sentence the defendant to a minimum of 30 days' confinement in accordance with Penal Code section 49.09(a).  Because the trial court did not sentence appellee to confinement in this case, its sentence was illegal. We therefore sustain the State's sole issue on appeal.

## CONCLUSION

For these reasons, we vacate the sentence imposed by the trial court and remand the case to that court for resentencing consistent with this opinion.  *See* Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 2012).

/s/     J. Brett Busby
            Justice

Panel consists of Chief Justice Hedges and Justices Brown and Busby.

Publish — TEX. R. APP. P. 47.2(b).

---

[3] Courts addressing a similar conflict between the general Class B misdemeanor punishment statute and the statute prescribing mandatory minimum confinement for Class B misdemeanor DWI convictions have reached the same conclusion.  *See, e.g., Moffett v. State*, 230 S.W.3d 250, 251 (Tex. App.—Eastland 2007, no pet.); *State v. Turner*, No. 05-03-1263-CR, 2004 WL 308507, at *1 (Tex. App.—Dallas Feb. 19, 2004, no pet.) (not designated for publication); *Magee*, 29 S.W.3d at 640.