COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Laconte Troy Weldon v. The State of Texas

Appellate case number:   01-13-00113-CR

Trial court case number:  1779615

Trial court:              County Criminal Court at Law Number 7 of Harris County

The appellant argues that because there is a conflict between the written judgment and orally pronounced sentence of confinement, the oral pronouncement controls. The written judgment reflects a sentence of one year's confinement, a fine of $500.00, and court costs in the amount of $412.00. The reporter's record reflects that the trial court orally pronounced a sentence of five days' confinement and court costs in the amount of $500.00, and did not assess a fine.

The State correctly notes that because of the nature of the charge, a Class A misdemeanor DWI, five days' confinement is an illegal sentence. *See State v. Cooley*, 401 S.W.3d 748, 751 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (Class A misdemeanor DWI requires confinement "for at least 30 days and not more than one year."); *Mizell v. State*, 119 S.W.3d 804, 805 (Tex. Crim. App. 2003) (sentences below the statutory minimum are illegal and void).

The State also contests the accuracy of the reporter's record. The State, citing Rule 34.6(e)(3) of the Rules of Appellate Procedure, contends that we should remand for the trial court to determine whether the portion of the reporter's record reflecting the oral pronouncement is inaccurate. *See* Tex. R. App. P. 34.6(e)(3) ("If the dispute arises after the reporter's record has been filed in the appellate court, that court may submit the dispute to the trial court for resolution.").

We abate this appeal, remove it from this Court's active docket, and direct the trial court to conduct a hearing to settle the dispute concerning whether the reporter's record accurately reflects the court's oral pronouncement. *See* Tex. R. App. P. 34.6(e)(2) (requiring the trial court to settle a dispute concerning inaccuracies in the reporter's record when parties cannot agree on whether or how to correct); *id.* 34.6(e)(3) (allowing appellate court, if dispute arises regarding accuracy after filing of reporter's record in appellate court, to submit dispute to trial court for resolution). A representative of the Harris County District Attorney's Office and Appellant's

counsel shall be present.  Appellant shall also be present for the hearing, either in person, or by closed video teleconference.[1]

The only issue before the trial court is whether the court reporter inaccurately recorded the trial court's oral pronouncement of sentence.  If the trial court determines that the reporter's record is inaccurate, it should ensure that the reporter's record is made to conform to what occurred in the trial court.  *See* TEX. R. APP. P. 34.6(e)(2) ("If the court finds any inaccuracy, it must order the court reporter to conform the reporter's record (including text and any exhibits) to what occurred in the trial court, and to file certified corrections in the appellate court.").  If the record, however, is found to be an accurate transcription of occurred at trial, the trial court shall so state either on the record at the hearing or in a written finding.

We direct that the reporter's record of the hearing and the supplemental clerk's record be certified and sent to our Clerk for filing in this proceeding **within 30 days** of the date of this order.  The appeal is abated, treated as a closed case, and removed from this Court's active docket.  The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record containing the transcript of the hearing is filed in this Court. **The court coordinator of the trial court shall set a hearing date and notify the parties of such date.**

It is so ORDERED.

Judge's signature: _/s/ Rebeca Huddle_____
                              Acting individually

Date:  May 29, 2014

---

[1]     Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant.  On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.