**Opinion issued October 30, 2014**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

### NO. 01-13-00113-CR

————————————

### LACONTE TROY WELDON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 7**
**Harris County, Texas**
**Trial Court Case No. 1779615**

---

### MEMORANDUM OPINION

Appellant Laconte Troy Weldon was charged by information with Class A misdemeanor DWI as a second offender. A jury found Weldon guilty, the trial court assessed his punishment at one year of confinement in county jail, probated for eighteen months, and a $400.00 fine. Months later, after a hearing, the trial

court granted the State's motion to revoke and assessed Weldon's punishment. Weldon appealed, arguing that there was a conflict between the oral pronouncement of his sentence and the written judgment and that the judgment should be reformed so the shorter orally-pronounced sentence could control. We affirm.

## Background

In its motion to revoke, the State alleged that Weldon drove his motorcycle without an ignition interlock device in violation of the terms of his community supervision. Weldon pleaded true to the allegation. As originally filed in this court, the reporter's record reflected that the trial court revoked Weldon's community supervision and orally pronounced the following sentence: "I find the allegation to be true, that he violated probation by driving without an ignition interlock. Probation is hereby revoked. Sentence you to five days. Court costs in the amount of $500." The written judgment reflected a different sentence: confinement for one year, with a fine of $500.00, and court costs in the amount of $412.00.

## Discussion

In his sole issue on appeal, Weldon argued that the written judgment should be reformed because it conflicts with the oral pronouncement of sentence. *See Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (when there is a

conflict between oral pronouncement of sentence and written judgment, oral pronouncement controls); *Coffey v. State*, 979 S.W.2d 326, 328–29 (Tex. Crim. App. 1998) (en banc) ("[W]hen there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls . . . . Any subsequent deviation from that sentence, i.e. either a decrease or increase, could not supersede what had already been imposed in open court."). The State correctly responded that because of the nature of the charge, a Class A misdemeanor DWI, the oral pronouncement of five days' confinement could not control because it would be below the statutory minimum and therefore illegal. *See Mizell v. State*, 119 S.W.3d 804, 805–06 (Tex. Crim. App. 2003) (en banc) (sentences below the statutory minimum are illegal and void); *State v. Cooley*, 401 S.W.3d 748, 751 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (Class A misdemeanor DWI requires confinement "for at least 30 days and not more than one year."). The State also challenged the accuracy of the reporter's record and sought an abatement under Texas Rule of Appellate Procedure 34.6(e)(3).

We abated this appeal and directed the trial court to conduct a hearing to settle the dispute concerning whether the reporter's record accurately reflected the trial court's oral pronouncement. *See* TEX. R. APP. P. 34.6(e)(2) (requiring the trial court to settle a dispute concerning inaccuracies in the reporter's record when

3

parties cannot agree on whether or how to correct); TEX. R. APP. P. 34.6(e)(3) (allowing appellate court, if dispute arises regarding accuracy after filing of reporter's record in appellate court, to submit dispute to trial court for resolution). Our abatement order directed the trial court, if it determined that the reporter's record was inaccurate, to ensure that the reporter's record was made to conform to what occurred in the trial court. *See* TEX. R. APP. P. 34.6(e)(2) ("If the court finds any inaccuracy, it must order the court reporter to conform the reporter's record (including text and any exhibits) to what occurred in the trial court, and to file certified corrections in the appellate court."). Our abatement order also directed that the reporter's record of the hearing and the supplemental clerk's record be certified and sent to our court.

The supplemental record reflects that the trial court held a hearing pursuant to our order of abatement, concluded that the reporter's record of the oral pronouncement was inaccurate, and concluded that the reporter's record should have reflected a sentence of one year in jail with credit of five days. The trial court's findings were based on the oral testimony of the court reporter at the abatement hearing. Specifically, the court reporter testified that a scopist helped her edit the file and emailed the court reporter the file under the name "Weldonsentence." The court reporter proofread that file, edited it to conform to her notes, and then saved the file as "Weldonsentencing" instead of

4

"Weldonsentence." The court reporter testified that her notes—which could not have been changed because they were written on her stenotype—state that the trial court orally pronounced a sentence of one year. The "Weldonsentencing" file reflected the correct one-year sentence, but the court reporter erroneously included the unedited and incorrect version of the file, which was titled "Weldonsentence," in the record. The court reporter brought her original notes from sentencing to the hearing. Her notes corroborated her oral testimony.

At the conclusion of the hearing, the trial court stated: "So the record is clear that there was a mistake by the court reporter; the sentence was one year in jail with credit for five days. And his costs were all run concurrent. He did not owe any costs for this." Following the hearing, the trial court entered the following findings of fact:

- "The official court reporter's transcription accurately reflects that Judge Derbyshire properly sentenced Mr. Weldon."

- "The official court reporter did not catch the error in the sentencing portion of the transcription during preparation of the record."

- "Upon receiving the Order of Abatement from the Court of Appeals, the reporter reviewed her notes, corrected the transcript and submitted the corrected copy to the Court of Appeals."

In short, the trial court resolved the dispute over the accuracy of the record, concluded that the reporter's record reflecting the oral pronouncement of a five-day sentence of confinement was inaccurate and caused to be filed a supplemental

5

record reflecting that the actual oral pronouncement of sentence was confinement for one year with credit for five days. *See* TEX. R. APP. P. 34.6(e)(2) ("the trial court must . . . settle the dispute"). We give almost total deference to a trial court's rendition of the historical facts. *Ross v. State*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (en banc); *Stafford v. State*, 63 S.W.3d 502, 511 (Tex. App.—Texarkana 2001, pet. ref'd) (trial court's procedure to correct record complied with appellate rules allowing correction of record before and after it was filed with appellate court where single mistake was corrected in record). Accordingly, the conflict between the oral pronouncement and the written judgment as to the length of confinement no longer exists, and no reformation of the length of sentence of confinement is necessary.

We overrule Weldon's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Rebeca Huddle<br>
Justice

Panel consists of Justices Massengale, Brown, and Huddle.
Do Not Publish — TEX. R. APP. P. 47.2(b).