ACCEPTED
05-15-00078-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
10/27/2015 9:49:20 PM
LISA MATZ
CLERK

RECEIVED IN
5th COURT OF APPEALS
DALLAS, TEXAS
10/27/2015 9:49:20 PM
LISA MATZ
Clerk

5th Court of Appeals
FILED: 12-7-15
Lisa Matz, Clerk

No. 05-15-00078-CR

IN THE

FIFTH COURT OF APPEALS

OF TEXAS

AT DALLAS, TEXAS

_____

JUSTIN COLE DRYMAN

V.

STATE OF TEXAS

_____

*On Appeal from the County Court at Law,
Kaufman County, Texas, in Cause Number 12CL-0355*

_____

**BRIEF OF THE STATE OF TEXAS**

_____

*Counsel of Record:*

ERLEIGH NORVILLE WILEY
KAUFMAN COUNTY CRIMINAL DISTRICT ATTORNEY

SUE KORIOTH
ASSISTANT DISTRICT ATTORNEY
SBN# 11681975
100 W. MULBERRY
KAUFMAN, TEXAS 75142
972 932-0260
*fax* 972 932-0357
suekorioth@aol.com

ATTORNEYS FOR THE APPELLEE,
THE STATE OF TEXAS

IDENTITY OF PARTIES AND COUNSEL:

Appellant: Justin Cole Dryman

APPELLANT'S TRIAL COUNSEL: Joseph Russell (plea) and
William Bratton III (revocation)

APPELLANT'S COUNSEL ON THIS APPEAL: Brandi Fernandez


APPELLEE: THE STATE OF TEXAS

APPELLEE'S TRIAL COUNSEL: Erleigh Norville Wiley, Kaufman County
Criminal District Attorney, and Assistant Criminal District Attorneys
Gabe Garcia and Phil Williams

APPELLEE'S COUNSEL ON THIS APPEAL: Erleigh Norville Wiley, Kaufman
County Criminal District Attorney; Sue Korioth, Assistant Criminal District
Attorney

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . -ii-

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -iii-

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

STATE'S COUNTERPOINT
 Appellant's attempt to appeal from the original plea hearing is untimely, and in addition, appellant waived appeal of his guilty plea and conviction; in any event, nothing in the record before this Court supports appellant's present claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

STATEMENT OF PERTINENT FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

STATE'S COUNTERPOINT, restated. . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

RULE 9.4 CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . -13-

# INDEX OF AUTHORITIES

## CASES

*Blank v. State*,
   172 S.W.3d 673 (Tex. App. - San Antonio 2005, no pet.). . . . . . . . . . . . . -12-

*Gibson v. State*,
   995 S.W.2d 693 (Tex. Crim. App. 1999). . . . . . . . . . . . . . . . . . . . . . . . -11-

*Leach v. State*,
   170 S.W.3d 669 (Tex. App. - Fort Worth 2005, pet. ref'd). . . . . . . . . . . . -7-

*Mapes v. State*,
   187 S.W.3d 655 (Tex. App. - Houston  [14th Dist.] 2006,
   pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-,-12-

*State v. Cooley*,
   401 S.W.3d 748 (Tex. App. -Houston [14th Dist.] 2013, no pet.). . . . . . -10-

*Vance v. State*,
   970 S.W.2d 130 (Tex. App. - Dallas 1998, no pet.). . . . . . . . . . . . . . . . . -12-

*Wise v. State,*
   394 S.W.3d 594 (Tex. App. Dallas 2012, no pet.) . . . . . . . . . . . . . . . . . -12-

## STATUTES

Tex. Penal Code section 12.21 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

Tex. Penal Code section 12.43. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-, -10-

Tex. Penal Code section 49.04. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-, -9-

Tex. Penal Code section 49.09(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-, -8-

No. 05-15-00078-CR

IN THE

FIFTH COURT OF APPEALS

OF TEXAS

AT DALLAS, TEXAS

_____

JUSTIN COLE DRYMAN

V.

STATE OF TEXAS

_____

TO THE HONORABLE JUDGES OF SAID COURT:

The State of Texas, appellee herein, respectfully submits this brief in response to appellant's brief, and would show the Court:

STATEMENT OF THE CASE

Appellant Justin Cole Dryman was convicted on May 23, 2013, on his guilty plea to the information which alleged driving while intoxicated with a prior conviction for driving while intoxicated (DWI-2nd). His punishment was assessed by the court at confinement for one year in county jail; his sentence was suspended, and he was placed on community supervision for a period of two years. (CR: 21). After the State filed a motion to revoke appellant's probation, the court heard the

motion and revoked his probation on December 3, 2014, and sentenced appellant to serve eleven months in county jail. (CR: 86). Appellant gave notice of appeal of his conviction to this Court. [1]

## STATE'S COUNTERPOINT
APPELLANT'S ATTEMPT TO APPEAL FROM THE ORIGINAL PLEA HEARING IS UNTIMELY, AND IN ADDITION, APPELLANT WAIVED APPEAL OF HIS GUILTY PLEA AND CONVICTION; IN ANY EVENT, NOTHING IN THE RECORD BEFORE THIS COURT SUPPORTS APPELLANT'S PRESENT CLAIM.

## STATEMENT OF PERTINENT FACTS

Appellant does not contest sufficiency of the evidence to support revocation of his probation, nor does he complain of any procedural error relating to the revocation. Appellant's complaint is to the judgment of conviction entered at his original plea hearing in May 2013, but that plea hearing is not included in the record on this appeal.

Appellant's summary of the relevant portions of the record is materially misleading. The complaint and information in this case charged appellant with "driving while intoxicated 2nd." (CR: 8-9). The information alleged that defendant

---

[1] Appellant sent a letter to the court in which appellant indicated his desire to appeal and requested counsel for appeal dated January 5, 2015, which was more than 30 days after sentence was pronounced on December 3, 2014, and his letter was received by the county clerk on January 12, 2015. (CR: 88). The trial court appointed counsel on January 12, 2015, and counsel filed a formal notice of appeal on January 14, 2015. (CR: 89, 91). Appellant did not file a motion for new trial until January 16, 2015. (CR: 94). Upon appellant's motion for extension of time to file his notice of appeal filed with this Court on January 16, 2015, this Court granted appellant's extension of time to file notice of appeal and deemed appellant's notice filed timely on February 2, 2015.

did:

> operate a motor vehicle in a public place while the said defendant was intoxicated.
> And it is further presented In and to said Court that, prior to the commission of the aforesaid offense, on the 25th day of February, 2010, in the County Court at Law of Kaufman County, Texas, in cause number 09CL-1756, the defendant was convicted of an offense relating to the operating of a motor vehicle while intoxicated.

(CR: 8-9).

The bond information form from the jail indicated that appellant was held on the charge of "DRIVING WHILE INTOXICATED 2ND." (CR: 11). The Bail Bond executed by appellant and his surety was for the charge of "DWI 2nd." (CR: 14). The first appearance letter from the county clerk to appellant advised him that he was charged with the offense of "DRIVING WHILE INTOXICATED 2ND." (CR: 15).

The judgment of conviction entered by the court on May 23, 2013, indicated "Offense for which Defendant Convicted: DRIVING WHILE INTOXICATED 2ND." (CR: 21). The judgment further stated that the "statute for offense" was "§49.09(a)," and that the degree of offense was "Class A misdemeanor." (CR: 21). The judgment further provided that the court assessed punishment at "one year" of confinement in county jail, which was suspended for two years. (CR: 21).

The conditions of community supervision signed by appellant state that the offense of conviction was "DWI 2nd." (CR: 25-28). The court's admonitions within

the plea agreement stated that appellant was charged with "driving while intoxicated 2nd," and that the punishment range would be for a class A misdemeanor. (CR: 30). In the plea agreement, defendant stated that "I admit and judicially confess than I committed the offense of DRIVING WHILE INTOXICATED 2ND on 12/13/2011 exactly as alleged in the charging instrument and/or any amendments thereto." (CR: 31).

Appellant waived his right to appeal and right to file a writ of habeas corpus as part of the plea agreement. (CR: 31). Appellant signed a stipulation of evidence which provided that he did "commit the offense(s) as alleged in the above referenced cause number and any amendments thereof." (CR: 33). The certification of defendant's right of appeal entered by the trial court on the May 2013 plea provided that the case was a plea bargained case from which appellant had no right of appeal and that appellant had waived his right to appeal. (CR: 34). The capias and motion to revoke filed in the case listed the offense of conviction as "driving while intoxicated 2nd." (CR: 38-39). The judgment revoking community supervision indicated that the offense of conviction was "driving while intoxicated 2nd," that the "statute for offense" was "§49.09(a)," and that the degree of offense was "Class A misdemeanor." (CR: 86). Judgment revoking the community supervision was entered on December 3, 2014. (CR: 86).

The single volume of reporter's record reflects that when the hearing commenced on the motions to revoke in this case and a second case, the trial court began with:

> Let's start with Cause number 12CL-0355, that one is styled the State of Texas versus Justin Dryman. It appears that back on May the 23rd, 2013, Mr. Dryman pled either guilty or no contest to the charge of driving while intoxicated, second offense. At which point and time he was found guilty, accessed punishment of 365 days in Kaufman County Jail. That was probated for 2 years, assessed zero fine and Court cost and typical terms and conditions of probation. Mr. Dryman, do you remember pleading either guilty or no contest to this charge back on that date?

(RR: 7).

Appellant responded that he remembered pleading guilty as stated by the court. (RR: 8). Appellant also confirmed that he recalled being placed on probation for the term described by the court. (RR: 8). Appellant pleaded not true to each motion to revoke, and the State proceeded to prove its allegations. (RR: 9-10).

At the hearing on the motion to revoke, the trial court held, in regard to the offense on appeal, that:

> On Cause number 12CL-0355, the driving while intoxicated second offense, on that case, I find that both allegations have been proven by preponderance of the evidence. I am going to grant the State's Motion and I am going to assess punishment at 11 months in the Kaufman County Jail.

(RR: 77).

-5-

## SUMMARY OF THE ARGUMENT

The State contends that the issue sought to be appealed is not properly before this Court on this appeal from revocation of community supervision. The State alternatively contends that the record adequately reflects that appellant was convicted of driving while intoxicated, second offense, under Tex. Penal Code section 49.09(a) and that the sentence imposed was therefore within the range of punishment.

## STATE'S COUNTERPOINT, restated

APPELLANT'S ATTEMPT TO APPEAL FROM THE ORIGINAL PLEA HEARING IS UNTIMELY, AND IN ADDITION, APPELLANT WAIVED APPEAL OF HIS GUILTY PLEA AND CONVICTION; IN ANY EVENT, NOTHING IN THE RECORD BEFORE THIS COURT SUPPORTS APPELLANT'S PRESENT CLAIM.

Appellant complains in his sole issue on appeal that the record does not support appellant's conviction of DWI, second offense, because the May 23, 2013, judgment of conviction does not contain a separate "true" finding regarding an enhancement paragraph. That judgment reflects that appellant pleaded guilty to and was convicted of "driving while intoxicated 2nd" pursuant to Tex. Penal Code §49.09(a), and that the trial court assessed punishment within the legal range for a Class A misdemeanor. The State contends that any complaint regarding the form of the judgment was waived at the time appellant entered his guilty plea and waived his right to direct appeal and to the writ of habeas corpus.

In addition, appellant ought to have asserted the claim when the judgment was

entered in May 2013. As the Fort Worth Court has explained,

> The failure to timely appeal from a conviction resulting in community supervision waives the right to appeal. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b) (Vernon Supp. 2004–05); *Hoskins v. State,* 425 S.W.2d 825, 828–29 (Tex. Crim. App. 1967) (op. on reh'g); *Anthony v. State,* 962 S.W.2d 242, 245–46 (Tex. App.-Fort Worth 1998, no pet.). Article 42.12, section 23(b) states,
>> The right of the defendant to appeal for a review of the conviction and punishment, as provided by law, shall be accorded the defendant at the time he is placed on community supervision. When he is notified that his community supervision is revoked for violation of the conditions of community supervision and he is called on to serve a sentence in a jail or in the institutional division of the Texas Department of Criminal Justice, he may appeal the revocation.
>> Tex.Code Crim. Proc. Ann. art. 42.12, § 23(b).

*Leach v. State*, 170 S.W.3d 669, 676 (Tex. App. - Fort Worth 2005, pet. ref'd). The Court in *Leach* went on to explain that the appellate court could not address an issue relating to the original conviction on the appeal from revocation of community supervision and that Leach's issue therefore had to be dismissed for lack of jurisdiction. Appellant waived any complaint regarding the sufficiency of the evidence to support his plea, as well as any complaint regarding the trial court's method of memorializing his conviction of driving while intoxicated, second offense, by failing to appeal the issues at the time his conviction was entered and he was placed on community supervision.

In any event, the record before this Court is sufficient to permit the Court to

find that appellant was in fact charged with and convicted of DWI, second offense, pursuant to Tex. Penal Code section 49.09, and that his sentence was within the authorized range of punishment. Driving While Intoxicated is proscribed by Tex. Penal Code section 49.04, which provides that the offense is generally a Class B misdemeanor. Tex. Penal Code section 49.09, Enhanced Offenses and Penalties, provides in pertinent part that:

> (a) Except as provided by Subsection (b), an offense under Section 49.04, 49.05, 49.06, or 49.065 is a Class A misdemeanor, with a minimum term of confinement of 30 days, if it is shown on the trial of the offense that the person has previously been convicted one time of an offense relating to the operating of a motor vehicle while intoxicated, an offense of operating an aircraft while intoxicated, an offense of operating a watercraft while intoxicated, or an offense of operating or assembling an amusement ride while intoxicated.

Tex. Penal Code section 49.09.

Appellant was charged with "driving while intoxicated 2nd," and the information and complaint alleged that he committed driving while intoxicated and that he had previously been convicted of an offense related to driving while intoxicated. (CR: 8-9). Appellant pleaded guilty to the offense of "driving while intoxicated 2nd," (CR: 30-31), he was convicted of "driving while intoxicated 2nd," and all of the documents in the file refer to the offense as DWI 2d, describe the offense as a Class A misdemeanor, and indicate that the range of punishment extended to up to one year in county jail. (CR: 11, 14, 15, 21, 25, 28, 30, 31, 33, 38-

39). Nothing in the record before this Court indicates that appellant ever believed he was charged with an uncomplicated Class B misdemeanor DWI pursuant to Tex. Penal Code 49.04. Nothing in the record before this Court indicates that the trial court intended to convict appellant of an uncomplicated Class B misdemeanor DWI pursuant to Tex. Penal Code 49.04. The only conclusion to be drawn from the documents in the court's file as well as the comments of counsel and appellant at the commencement of the revocation hearing (RR: 7-8) is that appellant pleaded guilty to the entirety of the information, including the prior conviction which made this case a "driving while intoxicated second offense" pursuant to section 49.09. He judicially confessed to all of the allegations of the information, the court convicted him of driving while intoxicated second offense, as set out in the judgment, and the court sentenced him to the maximum one year sentence permitted by Tex. Penal Code section 12.21 for a Class A misdemeanor, which the court then suspended.

Appellant would apparently have this Court find that the trial court was required to treat the prior conviction as a separate punishment issue pursuant to Tex. Penal Code section 12.43, "Penalties for Repeat and Habitual Misdemeanor Offenders." Section 12.43, however, provides that after conviction of a Class B misdemeanor, if the trial court finds a defendant was previously convicted of a Class A or B misdemeanor, the court shall assess punishment of "(1) a fine not to exceed

$2,000; (2) confinement in jail for any term of *not more than 180 days* or less than 30 days; or (3) both such fine and confinement." Tex. Penal Code section 12.43(b). Section 12.43 is inapplicable, however, to offenses charged under Tex. Penal Code section 49.09. *See* Tex. Penal Code section 12.43(d) ("If the punishment scheme for an offense contains a specific enhancement provision increasing punishment for a defendant who has previously been convicted of the offense, the specific enhancement provision controls over this section."). When – as here – a defendant pleads guilty to an information alleging driving while intoxicated, second offense, and the court accepts the defendant's plea of guilty and signs a judgment convicting appellant of driving while intoxicated, second offense, the Class A punishment range as provided in section 49.09(a) is the applicable punishment range. *See State v. Cooley*, 401 S.W.3d 748, 751 (Tex. App. -Houston [14th Dist.] 2013, no pet.). And where the defendant pleads guilty and judicially confesses to "driving while intoxicated second offense," and the court convicts him of "driving while intoxicated second offense," this Court should presume that the trial court found appellant's confession sufficient to prove both that he drove while intoxicated and that he had a prior DWI-related conviction.

The Court of Criminal Appeals contrasted the enhanced offenses set out in section 49.09 with the punishment enhancements set out in Chapter 12 of the Penal

Code in *Gibson v. State*. In holding that section 49.09 provides for "enhanced offenses" rather than "enhanced punishment," the court noted that:

> There are three grades of the offense of driving while intoxicated. The difference between the grades is set by the number of prior convictions for certain intoxication related offenses. The offense of driving while intoxicated, without any alleged prior intoxication-related convictions, is a Class B misdemeanor. TEX. PENAL CODE § 49.04(b) & (c). If the State can prove a defendant had previously been convicted of one offense related to operating a motor vehicle, aircraft or watercraft while intoxicated, the driving while intoxicated offense becomes a Class A misdemeanor. TEX. PENAL CODE § 49.09(a).

*Gibson v. State*, 995 S.W.2d 693, 695 (Tex. Crim. App. 1999). Although *Gibson* was an appeal from a felony DWI, its explanation of the structure of section 49.09 is applicable here. *See Mapes v. State*, 187 S.W.3d 655, 659-60 (Tex. App. - Houston [14th Dist.] 2006, pet. ref'd).

Even assuming that appellant can complain now about the sufficiency of the evidence to support the original conviction in May 2013 – which the State disputes – appellant has failed to produce the record of that May 2013 plea hearing and has failed to point out (accurately) anything in the record which *is* before this Court which would even suggest that appellant pleaded guilty or confessed *only* to commission of a Class B driving while intoxicated offense. In addition, appellant has not produced any authority which would require the trial court to obtain a "true" plea to the prior DWI alleged in the information rather than accepting appellant's "guilty"

plea to the offense of "driving while intoxicated, second offense," which includes the allegation of the prior DWI offense. *See Mapes*, 187 S.W.3d at 659-60.

None of the cases relied upon by appellant is persuasive. *Wise v. State,* 394 S.W.3d 594 (Tex. App. - Dallas 2012, no pet.) is a theft case in which the judgment recited pleas of "true" but the record at the bench trial affirmatively reflected that Wise was convicted of felony theft on a not-guilty plea, then sentenced without entering any plea on the prior offenses. In *Wise,* the prosecutor did not offer any evidence to support the prior convictions, and there was no stipulation admitting them. *Wise* is inapplicable to the instant case.

Appellant also relies upon *Blank v. State*, 172 S.W.3d 673 (Tex. App. San Antonio 2005, no pet.), but *Blank* was an appeal from a jury trial on Blank's not-guilty plea, and the Court of Appeals merely considered the evidence to support the prior conviction and found the out-of-state clerk's record to be insufficient to prove the conviction. *Blank* has no application to the instant appeal.

Similarly, in *Vance v. State*, 970 S.W.2d 130 (Tex. App. Dallas 1998, no pet.), the issue was whether an enhancement had to be submitted to a jury where the defendant pleaded "true" to the enhancement after being convicted of DWI by the jury on her not-guilty plea; the Court held that the issue did not have to be submitted when it was not in dispute. It is inapposite to the instant appeal. Appellant has failed

to demonstrate any reversible error in his conviction or sentence.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, there being legal and competent evidence sufficient to justify the verdict and no reversible error appearing in the record of this case, the State requests that this Honorable Court will affirm the the judgment of the Trial Court below.

Respectfully submitted,              ___/s/ Sue Korioth_____
                                   SUE KORIOTH,

ERLEIGH NORVILLE WILEY       State Bar No. 11681975
CRIMINAL DISTRICT ATTORNEY   Asst. Criminal District Attorney
KAUFMAN COUNTY, TEXAS       100 W. Mulberry Street
                                   Kaufman, Texas 75142
                                   (972) 932-4331 ext. 1264
ATTORNEYS FOR THE STATE      FAX (972) 932-0357
                                   suekorioth@aol.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 27th day of October 2015, a copy of the foregoing will be served on Brandi Fernandez, attorney for appellant, by e-service if available, or by email to her email address.

                                   ___/s/ Sue Korioth_____

## RULE 9.4 CERTIFICATE OF COMPLIANCE

Using the Wordperfect 7 word count utility, I have determined that this document contains 2960 words, TRAP 9.4(I).

                                   /s/ Sue Korioth