# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00530-CR

**Jack Bissett, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY
### NO. C-1-CR-14-160011, HONORABLE BRANDY MUELLER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jack Bissett was charged with assaulting Wyoming Kaut. *See* Tex. Penal Code § 22.01(a) (setting out elements of offense of assault), (b) (providing that offense is, in general, "Class A misdemeanor"). In particular, the information alleged that Bissett "intentionally, knowingly, and recklessly cause[d] bodily injury to . . . Kaut by hitting" and "striking" Kaut "on or about" the head and torso with his hand, by "seizing" Kaut "on or about the torso" with his hand, and by "causing . . . Kaut's head to come into contract with the ground." At the end of the guilt-or-innocence phase, the jury found Bissett guilty of the offense. At the end of the punishment phase, the jury recommended that Bissett be sentenced to 365 days' imprisonment and that Bissett be given a $4,000 fine. *See id.* § 12.21 (listing permissible punishment range for "Class A misdemeanor"). However, the jury further recommended that Bissett be placed on community supervision and that $2,000 of the fine be probated. The trial court rendered its judgment in accordance with the jury's

verdicts and placed Bissett on community supervision for two years. In a single issue on appeal, Bissett contends that the trial court improperly restricted his voir-dire examination. We will affirm the trial court's judgment of conviction.

## DISCUSSION

In his sole issue on appeal, Bissett asserts that "the trial court unduly restricted [his] voir dire when [it] failed to allow [him] to voir dire on the minimum punishment for a Class A misdemeanor and thereby deprived [him] of information needed for the intelligent exercise of his peremptory challenges and challenges for cause." The exchange at issue occurred as follows:

> [Bissett's attorney]: Okay. So how many of you feel like [panelist] where the fact that it would be on the defendant's record for the rest of his life as a criminal conviction would possibly be enough for you, depending on the circumstances of the case obviously? Could anybody consider -- if you found him guilty -- to assess a zero dollar fine and zero days in jail? Could anybody --
>
> [State]: Objection, Your Honor.
>
> . . .
>
> I don't think that is a valid sentence they are asking him to make.
>
> . . .
>
> [Trial Court]: Make sure I am on the same page as everybody. I think that the objection is that the information relayed by defense counsel as to punishment does not allow for zero days and zero jail. Your position?
>
> [Bissett's attorney]: Your Honor, the Penal Code, Chapter 12, dictates punishment range. In a Class A misdemeanor, it is up to 365 days, up to $4,000 fine. Traffic Code has got minimum punishment as a $1 fine. Class A misdemeanor, consequence of conviction -- legislature put in the Penal Code that it is not necessitated $1 fine and one day minimum in jail. For example -- let me give an example: DWI does have a minimum sentence of three days, but the Class A misdemeanor that we are trying today does not have a minimum sentence.

2

[State]: Your Honor, it is not a valid sentence. There is not a conviction with zero days, zero fine.

. . .

If defense wants to voir dire on minimum punishment: Can anybody consider a dollar and no jail? A day in jail and no fine? It is not that big of a difference, but I don't think the jury panel needs to believe they can give zero and zero is proper.

[Trial Court]: I tend to agree with [the State] on this. I think for purposes of voir dire, you are able to make your point. If somebody can or cannot be fair.

[Bissett's attorney]: So the record will reflect, if we need a bill of exception on this, [Bissett] would have proposed to ask -- or would have set out what we think is the punishment range from zero days in jail to a 365-day jail sentence and a zero dollar fine to $4,000 fine. [Bissett] would have liked to ask if anybody could find guilty and assess zero, zero fine. And we are not allowed to do that. Is that accurate?

[Trial Court]: That is correct. You are not allowed to do so. Again, I invite you to provide supportive material that -- basically, you have laid out the punishment for Class A to amount to nothing: No punishment, no fine, no jail. Simply a conviction. Yes. I would agree with your assessment of my ruling.

In light of the preceding, Bissett urges that the trial court's ruling prohibited him from questioning the panelists regarding any potential biases regarding the range of punishment and, accordingly, undermined his ability to effectively make challenges for cause and utilize his peremptory challenges. *See Sanchez v. State*, 165 S.W.3d 707, 711-12 (Tex. Crim. App. 2005) (explaining that "the scope of a permissible voir dire examination is necessarily broad to enable litigants to discover any bias or prejudice so that they may make either challenges for cause or peremptory challenges"); *Standefer v. State*, 59 S.W.3d 177, 181 (Tex. Crim. App. 2001) (providing that "a prospective juror must be able to consider the full range of punishment provided for an offense or be challengeable for cause"). Further, Bissett asserts that the trial court's ruling prohibited him "from ascertaining whether the prospective jurors could in fact consider the minimum

3

punishment for the offense of Class A misdemeanor assault." More specifically, Bissett argues that the Penal Code imposes no minimum period of confinement or fine for a Class A misdemeanor and, accordingly, that he should have been able to ascertain whether the panelists would have considered a potential punishment of zero days' confinement and no fine. *Cf. Hudson v. State*, 145 S.W.3d 323, 327 (Tex. App.—Fort Worth 2004, pet. ref'd) (stating that misdemeanor assault "carries . . . no minimum sentence" regarding confinement); *see also State v. Cooley*, 401 S.W.3d 748, 751 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (noting that Penal Code "makes confinement optional" for Class-A misdemeanor). Finally, Bissett insists that if the legislature had "intended there to be [a] minimum of one day confinement or a minimum of a $1.00 fine, it would have written those minimums into the statute" and then refers to various statutes imposing minimum sentences. *See, e.g.*, Tex. Penal Code § 49.04(b) (providing that Class-B-misdemeanor offense of driving while intoxicated has "a minimum term of confinement of 72 hours").

Appellate courts review a trial court's ruling that limits voir-dire questioning under an abuse-of-discretion standard of review. *Hernandez v. State*, 390 S.W.3d 310, 315 (Tex. Crim. App. 2012); *see State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014) (noting that under that standard, "the judgment will be reversed only if it is arbitrary, unreasonable, or 'outside the zone of reasonable disagreement'" (quoting *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006))). In performing this review, the focus of an appellate court "is whether appellant proffered a proper question regarding a proper area of inquiry." *Hernandez*, 390 S.W.3d at 315. "A trial court retains discretion to restrict voir dire questions that are confusing, misleading, vague and broad, or are improper commitment questions." *Id.*

4

"Both the State and defense are entitled to jurors who can consider the entire range of punishment for the particular statutory offense—*i.e.*, from the maximum to the minimum and all points in between." *Cardenas v. State*, 325 S.W.3d 179, 184 (Tex. Crim. App. 2010). "Jurors must be able to consider both 'a situation in which the minimum penalty would be appropriate and . . . a situation in which the maximum penalty would be appropriate.'" *Id.* (quoting *Fuller v. State*, 829 S.W.2d 191, 200 (Tex. Crim. App. 1992)). "Therefore, both sides may question the panel on the range of punishment and may commit jurors to consider the entire range of punishment for the statutory offense." *Id.* (internal footnotes omitted). "A question committing a juror to consider the minimum punishment is both proper and permissible." *Id.*

As set out above, Bissett wanted to question the panelists regarding whether they could consider imposing zero days' confinement and no fine for a Class-A-misdemeanor-assault conviction. Under the Penal Code, a person convicted "of a Class A misdemeanor shall be punished by" "a fine not to exceed $4,000," "confinement in jail for a term not to exceed one year," or "both such fine and confinement." Tex. Penal Code § 12.21. A sentence that imposes no punishment for a Class-A-misdemeanor conviction is "not within the prescribed statutory range." *Mizell v. State*, 70 S.W.3d 156, 163 (Tex. App.—San Antonio 2001) (remanding case for new sentencing hearing where jury assessed no punishment for Class-A-misdemeanor offense of official oppression), *aff'd*, 119 S.W.3d 804 (Tex. Crim. App. 2003); *see also Rendon v. State*, No. 03-07-00616-CR, 2008 WL 4682434, at *2 (Tex App.—Austin Oct. 24, 2008, no pet.) (mem. op., not designated for publication) (determining that there was error in trial court's judgment where judgment sentenced defendant "to 'a fine of $0 and confinement in the Hays County Jail for a term of 0'" because

5

punishment "consisting of neither a fine nor confinement" is "not within the prescribed statutory range" for Class-B-misdemeanor conviction, which under statute requires assessment of fine not to exceed $2,000, confinement not to exceed 180 days, or both fine and confinement); *Mapes v. State*, 187 S.W.3d 655, 658 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (noting that "if the punishment assessed is less than the minimum provided by law, the judgment of conviction is rendered a nullity").

In light of the preceding, we cannot conclude that the trial court abused its discretion by sustaining the State's objection and determining that Bissett was not proffering a proper question regarding a proper area of inquiry when he attempted to ask the jury panelists whether they would consider imposing a sentence that was not authorized by the Penal Code for Class-A-misdemeanor convictions. Accordingly, we overrule Bissett's issue on appeal.

## CONCLUSION

Having overruled Bissett's sole issue on appeal, we affirm the trial court's judgment of conviction.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed: October 26, 2016

Do Not Publish